In the Matter of Bobby Earl BROWN, Bankrupt.

Bobby Earl BROWN, Bankrupt, Appellant,

v.

INDUSTRIAL LEASING CORPORATION, Appellee.

No. 20548.

United States Court of Appeals, Eighth Circuit.

June 7, 1971.

William M. Stocks, Fort Smith, Ark., on brief for appellant.

Don A. Smith, Harper, Young & Smith, Fort Smith, Ark., on brief for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

The bankrupt, Bobby Earl Brown, appeals from the district court's order, affirming the referee's order of August 8, 1969, denying his discharge in bankruptcy. The referee denied the discharge upon the objections of a creditor, Industrial Leasing Corporation, which charged Brown with false representations in his financial statements.[1] The district court, Judge Paul X. Williams, denied Brown any relief and dismissed his petition. In re Brown, 314 F.Supp. 947 (W.D.Ark.1970). Brown appeals.

The bankrupt raises two questions on the instant appeal. He asserts that (1) the objection to his discharge was not sufficiently definite and certain to apprise him of the facts upon which the

---

1. The statutory basis for the objection to the discharge in this case is § 14(c) of the Bankruptcy Act, which provides in pertinent part:

"The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) while engaged in a business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation * * *." 11 U.S.C.A. § 32(c) (Supp. 1970).

objector intended to rely, and (2) the objection to discharge alleged only a lease of personal property which resulted in no voluntary extension of credit, and thus the referee erred in refusing to strike the objection to discharge. These questions and others [2] were considered and rejected by Judge Williams in an opinion setting forth the underlying facts with great detail and the court's reasons for its rulings. In re Brown, *supra.*

■ In light of the district court's reported opinion, we consider it unnecessary to reiterate either the factual background or procedural history in this action. Turning to the appellant's first contention on this appeal, we note that Judge Williams ruled that the specifications of the objection to the discharge clearly apprised the bankrupt of the facts upon which the objector was relying. We agree. An objection to discharge in bankruptcy should be in writing and contain allegations sufficient to bring the opposition to discharge within one or more of the grounds enumerated by statute. See 1 Collier on Bankruptcy ¶ 14.07[2] (14th ed. 1970); Official Form No. 44. *See, e.g.,* Kaganowitz v. Manufacturers Trust Co., 145 F.2d 754, 755 (2d Cir. 1944); In re Solari Furs, 263 F.Supp. 658, 662 (E.D.Mo.1967). The specifications of the objection to discharge in the instant case, as set out at D.C., 314 F.Supp. at 953, clearly conform to these requirements.

Turning to Brown's second contention on appeal, we observe that the objection to discharge recited in part that Brown and Industrial Leasing Corporation entered into "leases and guaranty agreements" relating to certain personal property. Brown contends that these allegations, if true, relate to bailments of personal property, not to the extension of credit. Brown further argues that since the objection to discharge recites no

facts explaining the manner in which the leases or guarantees of leases operated as instruments of credit, the pleading fails to allege any statutory basis to bar his discharge. The applicable statute requires the issuance of a discharge unless the bankrupt has obtained "an extension or renewal of credit" on the basis of a materially false financial statement. 11 U.S.C.A. § 32(c) (3).

■ This contention clearly lacks merit. The objection to discharge plainly alleges an indebtedness flowing from the leases, the transmission by Brown of two materially false financial statements to the objecting creditor and that "[p]etitioner relied upon the said statements in *extending credit* to Brown by entering into the said leases, and accepting him as Guarantor on the Barry leases * * *." 314 F.Supp. at 953 (emphasis added). These allegations give adequate notice of a charge that the leases or the guarantees of leases in question constituted instruments of credit and that the objector-lessor relied upon the financial statements submitted by Brown in contemplation of these leases or guarantees.

Moreover, the evidence introduced at the hearings conducted by the referee upon the objection established that the execution of leases by the bankrupt and his guarantees of leases on behalf of others constituted integral elements in the overall financing arrangements whereby Industrial Leasing Corporation, as lessor, provided Brown with funds enabling him to purchase equipment for the expansion of his chain of restaurants. This aspect of the case is discussed fully and adequately in the district court's opinion. *Id.* at 949.

In summary, our review of this record establishes that all significant issues between the parties were fully litigated and resolved by the referee, and then again by the bankruptcy court. Appel-

---

2. The bankrupt, in his petition for review, also contended that the referee had erred in admitting and considering certain evidence obtained from witnesses other than the bankrupt at the first meeting of credi-

tors, and had erred in finding the evidence sufficient to establish that Brown falsely represented his financial status to the objecting creditor. The bankrupt has not pursued these claims on appeal.

lant Brown now seeks a reversal of these rulings by asserting some purported defect in the pleadings, contending that "[t]he facts developed at the hearing are not relevant to the issues presented here." Brief for Appellant at 23. We think the record clearly establishes the propriety of Judge Williams' ruling as to the sufficiency and appropriateness of the pleadings.

Affirmed.