**In the Matter of Verna ·F. RETZLAFF, Bankrupt.**

**Robert I. LEECH, Trustee, Plaintiff,**

**v.**

**Verna F. RETZLAFF, Defendant.**

**Bankruptcy No. 79–60234 C–1.**

United States Bankruptcy Court, E. D. Michigan, S. D.

Dec. 14, 1979.

Robert I. Leech, Flint, Mich., for plaintiff.

Patrick J. Grace, Jr., Davison, Mich., for defendant.

### OPINION

#### Issue Presented

HAROLD H. BOBIER, Bankruptcy Judge.

The sole question before the court today concerns whether a denial of discharge

based upon false representations of the bankrupt applies to all indebtedness, or only the debts incurred as a result of the false representations. Since no question was raised as to the validity of a denial of discharge in some degree, only the extent of the denial will be addressed.

### Findings of Fact

The operative facts are these. Robert I. Leech, the trustee/plaintiff herein filed a complaint to deny the discharge of the bankrupt, Verna F. Retzlaff, defendant herein. The complaint alleged a violation of section 14(c)(1) of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 32(c)(1) (Cum.Supp.1979). At the hearing of the cause it was determined that the bankrupt had obtained property, purchased goods, and obtained credit based upon false representations of her ability or intention to repay.

At the end of proofs the trustee argued that the bankrupt should be denied a discharge as to all debts. The defense contended that only those debts resulting from the false representations were subject to objection and that the balance of indebtedness should be discharged. The court ordered briefs, which have been filed.

### Findings of Law
*False Representations of Ability to Pay*

In his brief, the trustee expressly states that his objection is not founded on section 17, which only prevents discharge of a particular debt or debts, but upon section 14, which bars the discharge of all debts. The trustee also cites case authority for the proposition that under a section 14 objection either *all* debts are denied discharge, or none are.

We agree with this statement of the law. However, the facts of this case do not trigger a section 14 objection. Section 14(c)(1), the provision cited in the complaint, requires a denial of discharge of all debts when a "bankruptcy crime" as stated in 18 U.S.C. § 152 has been committed. Of the eight "crimes" stated in § 152, none are present in this case.

As to the other grounds for denial of discharge found in section 14 sub. (c), these, too, do not appear to be present in the instant case. In essence, section 14(c) denies discharge to the "bad" or "unworthy" debtor. Examples of such behavior, as found in section 14(c) include the destruction or concealment of records or property, refusal to obey a lawful order of the court, failure to explain losses of property, commencing a bankruptcy within six years of a prior bankruptcy and the failure to pay filing fees.

As pointed out by the defendant, the facts of this case more properly give rise to a section 17(a)(2) cause of action. The record made before this court indicates that the bankrupt incurred debts which she knew that she could not repay. The following colloquy, which took place at the first meeting of creditors held June 26, 1979, indicates the state of mind of the bankrupt at the time of these transactions.

The Court: Were you employed at that time?

A: Yes, I have been employed for 13 years.

The Court: How did you expect to pay your bills?

A: I am embarrassed; however, I went to a psychic reader and she told me I would be coming into money, and I believed it.

. . . . .

The Court: You didn't expect to pay those out of your income, your salary?

A: No, but there are other ways of getting money other than salaries, and I believed this person who told me that I would have that other way.

. . . . .

The purchase of property on credit with a state of mind as reported above most certainly qualifies as "obtaining money or property by false pretenses or false representations" of the intent and ability to repay. This is squarely within the purview of section 17(a)(2). Where a bankrupt purchases goods on credit with no intention of

paying for them, this is a false representation. See 1A Collier on Bankruptcy ¶ 17.-16(3), at 1639 (14th ed. 1978) and the long line of cases cited in the text.

### Rule 15 .

█ The inarticulate pleading by the trustee herein is not fatal, however. Pursuant to FRBP 715, Federal Civil Rule 15 applies in bankruptcy proceedings. FRCP 15(b) states:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings . . ."

The rule continues, "but failure to so amend (to conform to the proofs) does not affect the result of the trial of these issues."

The original complaint of the trustee does not allege a section 17 cause of action. Evidence was presented at trial, however, which supported a section 17 cause of action. No objection was made at trial that such evidence was not proper, or that the issue at which the evidence was directed was not raised in the pleadings. Clearly, there was at the very least implied consent to incorporate a section 17 objection to discharge in the trial. The rule in this circuit on this question was announced in *Hasselbrink v. Speelman*, 246 F.2d 34 (6th Cir. 1957) where it is stated at 39:

> "(I)t is the rule that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments as may be necessary to cause [the pleadings] to conform to the evidence and to raise these issues may be made, upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

The *Hasselbrink* case has been cited as recently as 1977 as still being authoritative in this circuit on this question. *See Agricultural Services Ass'n., Inc. v. Ferry-Morse Seed Co., Inc.*, 551 F.2d 1057, 1069 (6th Cir. 1977). In short, the failure to formally amend, per Rule 15(b) does not affect the result of the trial on the issues.

### Conclusion

We believe that the proper basis for this lawsuit is in section 17(a)(2). That is,

> "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations . . ." Section 17(a)(2), 11 U.S.C.A. § 35(a)(2) (Cum.Supp.1979).

█ Further, the proofs presented at trial clearly warrant a finding of non-dischargeability under Section 17(a)(2). The statements made by the bankrupt concerning her intentions at the time of these transactions are quite to the point. The statements of the bankrupt show that she did not have the ability to pay for the items purchased and had no certain expectation of being able to do so in the future. In view of the policy of the Bankruptcy Act of affording an individual a chance for a fresh economic start in life, any exceptions to the policy have been construed by the courts in favor of the debtor's right of discharge. *See, e. g., Matter of Vickers*, 577 F.2d 683 (10th Cir. 1978). The evidence presented in this matter shows that it was in January 1977 and the ensuing months that the defendant engaged in a course of conduct whereby she would purchase goods on credit when her income was such that she could not possibly pay for these items. This is a reckless representation on the part of the bankrupt sufficient to prevent the discharge of these debts. *Matter of Matera*, 436 F.Supp. 947 (E.D.Wis.1977), *aff'd* 592 F.2d 378 (7th Cir. 1979).

█ This court will hold that all indebtedness incurred by the bankrupt as a result of her false and misleading representations of her intention and ability to repay debts are not discharged. This includes all the following indebtedness incurred during and subsequent to January 1977, to wit:

| | |
|---|---|
| Citizen Bank Master and Visa Cards | $2,180.00 |
| G. C. Services Corp. | 1,200.00 |
| Genesee Bank Visa and Master Charges | 1,080.00 |
| Manhattan Chase Bank | 2,020.00 |
| Michigan National Bank Visa & Master | 2,250.00 |
| Total | $8,730.00 |