**In re Garnet James McGUFF, fdba Kent Parker's Attorney Service, aka Kent Parker's San Diego Attorney Service, Bankrupt.**

### RUYLE, O'DORISIO & KEARNEY, Plaintiffs,

v.

### Garnet James McGUFF, Defendant.

### Bankruptcy No. 79–02360–M.

United States Bankruptcy Court, S. D. California.

Feb. 22, 1980.

Darvey Mack Cohan, La Jolla, Cal., for defendant.

William W. Ravin, San Diego, Cal., for plaintiffs.

MEMORANDUM OPINION REGARDING MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE AND PLAINTIFFS' PROPOSED AMENDED COMPLAINT

JAMES W. MEYERS, Bankruptcy Judge.

## I

This controversy began on November 26, 1979, with the filing of a complaint on behalf of Ruyle, O'Dorisio & Kearney, a San Diego law firm, objecting to the discharge of the bankrupt, Mr. Garnet J. McGuff. On January 2, 1980, McGuff filed a motion to strike the complaint in its entirety. Apparently, the named plaintiffs in the complaint were not the real parties in interest in this action as the pleading in response to McGuff's motion was filed on behalf of Mr. Norman Livran, Mr. Raymond Dowd and Mr. Michael Johnson ("Plaintiffs").

On January 18, 1980, oral argument was heard on the motion to strike. On that date, Plaintiffs lodged an amended version of their original complaint seeking to rectify the problems raised by the motion to strike.

## II

### FACTS

On October 28, 1975, McGuff instituted a civil action against Dowd and Johnson in the San Diego Superior Court. On November 26, 1975, Dowd and Johnson filed a cross-complaint against McGuff. Livran was subsequently allowed to intervene in this action based on his claim against Dowd and Johnson.

Upon Livran's intervention into the state court action, a stipulation was entered into between Johnson, Dowd and Livran. It was thereby agreed that Livran would be a "judgment creditor" of Johnson, Dowd and San Diego Attorney Service with respect to any recovery they received in their cross-complaint.

After the trial of the state court matter, judgment was awarded and entered in fa-

vor of Johnson and Dowd on their cross-complaint in the amount of $60,000 plus costs. McGuff was denied recovery under his original complaint.

On March 3, 1979, McGuff filed a notice of appeal of that decision, though he has apparently not pursued it any further. Subsequent to the entry of judgment in the Superior Court, McGuff did engage in settlement negotiations with Dowd, Johnson and Livran. During the course of these negotiations it is alleged that McGuff represented that he had sufficient assets to satisfy the judgment.

On August 24, 1979, McGuff filed his petition in bankruptcy. Several months later, on November 26, 1979, the original complaint in this case was filed. In this complaint, the plaintiffs contend that McGuff should be denied a discharge for removing, destroying or concealing his property with the intent to defraud creditors.

## III

### DISCUSSION

#### A. *The Motion To Strike*

The defendant seeks to have the complaint dismissed or, in the alternative, have certain of the plaintiffs stricken as improper parties. The "motion to strike" is treated as a motion to dismiss under Rule 12(b), Federal Rules of Civil Procedure, and as a motion to strike under Bankruptcy Rule 911.[1]

Initially, McGuff argues that the named plaintiffs, Ruyle, O'Dorisio & Kearney, and the intervenor, Livran, are without standing to bring this action. Plaintiffs, on the other hand, concede that the law firm is not the proper plaintiff. With respect to Livran, however, they argue that he is a judgment creditor of McGuff under certain provisions of the Bankruptcy Act ("Act") and California law, and is therefore a proper plaintiff in this action.

Under Section 14(b)(2) of the Act, this Court is required to hear all objections to the bankrupt's discharge "by the trustee, creditors, the United States attorney, or such other attorney as the Attorney General may designate . . . ." Bankruptcy Act § 14(b)(2). In other words, to have standing to bring an action against the bankrupt under Section 14, Livran must demonstrate that he is a "creditor" of McGuff, as he is clearly not a trustee, United States Attorney or designee of the Attorney General.

The Act defines the term "creditor" as "anyone who owes a debt, demand, or claim provable in bankruptcy . . . ." Bankruptcy Act § 1(11). This definition clearly encompasses judgment creditors of the bankrupt, and would thus include Dowd and Johnson within its terms. This Court cannot, however, conclude that Livran is a "creditor" of McGuff within the meaning of Section 14(b)(2).

Livran contends that under Section 688.1 of the California Code of Civil Procedure, he is a judgment creditor of McGuff. This section provides in essence that a "judgment creditor" may intervene in a pending action and be granted a lien on a party's cause of action therein. The lien will also attach to any judgment subsequently recovered by the party. *See Cal. Civ.Proc. Code* § 688.1(a)(West). The lien granted by this section, however, attaches only to the cause of action and any recovery arising therefrom. It does not make the lienholder a creditor of the party against whom the cause of action is asserted.

The Stipulation and Order of the San Diego Superior Court, dated April 6, 1978, reveals that Livran became a lienholder and judgment creditor only with respect to Dowd and Johnson's cross-complaint. He did not become a judgment creditor of McGuff.

---

1. Rule 12 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Bankruptcy Rule 712. Rules 9 and 15, of the Federal Rules of Civil Procedure will also be considered in this opinion. They have been made applicable to adversary proceedings by Bankruptcy Rules 709 and 715 respectively.

■ Livran's status then is that of a "creditor of a creditor". Dowd and Johnson are his judgment debtors, not McGuff. Accordingly, he cannot be a "creditor" within the meaning of Section 14(b)(2) as he is not owed anything by the bankrupt. *See 1 Collier on Bankruptcy* ¶ 1.11, at p. 80 (14th ed.) (liability owed "creditor" must be that of the *bankrupt*). Owing to this, he must be dismissed as a plaintiff in this action.

McGuff also argues that the complaint should be dismissed as to Dowd and Johnson because it is not signed by them or their attorneys of record. As authority for this proposition McGuff relies on Rule 11 of the Federal Rules of Civil Procedure.[2]

■ Bankruptcy Rule 911(a) operates to certify the good faith filing of pleadings by requiring that they bear the signature of at least the attorney of record in the case. *See 2A Moore's Federal Practice* ¶ 11.02, at p. 11–5 (2d ed.). Such rules have not been construed by the Federal courts in an excessively technical or harsh manner. *See e. g., Burak v. Commonwealth of Pennsylvania,* 339 F.Supp. 534, 535 n.2 (E.Pa.1972) (Rule 11). The proposed amended complaint would appear to solve this problem if it is properly signed when filed (see discussion below). Given the proposed amended complaint and the liberal construction placed upon such rules, McGuff's request for dismissal with respect to Dowd and Johnson is not well taken. *See 2A Moore's Federal Practice* ¶ 11.02 at p. 11–9 (2d ed.). Therefore, it will be denied, at this time, pending the filing of a proper amended complaint.

McGuff also challenges the sufficiency of Plaintiffs complaint on the ground that it fails to state a claim upon which relief can be granted. He argues that the fraudulent acts essential to a denial of discharge under Section 14 have not been pleaded with sufficient particularly. In support of this argument McGuff cites Rule 9(b) of the Federal Rules of Civil Procedure. It provides in pertinent part that all

"averments of . . . the circumstances constituting fraud . . . shall be stated with particularity."

In considering the merits of this contention, this Court must also keep in mind the admonition that a complaint should be dismissed for failing to state a claim only when it appears to be a certainty that plaintiff is not entitled to relief under any state of facts which could be proved in support of his claim. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *De la Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).

■ Plaintiffs' complaint employs the actual wording of Section 14(c) in attempting to state a claim against McGuff. This practice can have serious consequences in ordinary situations as fraud should normally be pleaded with particularity. *See 2A Moore's Federal Practice* ¶ 9.03, at p. 9–17 (2d ed.). In a bankruptcy context though, great liberality is afforded in the pleading of fraud. *See In re Germain,* 144 F.Supp. 678, 683 (S.Cal.1956). Therefore, in order to state a claim for relief under Section 14(c) the complaint need only apprise the bankrupt of the facts the creditor is relying on to deny his discharge. *See In re Brown,* 444 F.2d 49, 50 (8th Cir. 1971).

Plaintiffs' complaint does not meet this standard. It merely repeats the wording of the statute and no facts are included in support of its allegations. In view of this deficiency, the complaint cannot be said to inform McGuff of the facts upon which Plaintiffs complain thereby allowing him to prepare an effective response. *See In re Com. Oil/Tesoro Petroleum Corp. Sec.Lit.,* 467 F.Supp. 227, 250 (W.Tex.1979).

A heavy burden has been imposed upon those who seek dismissal of an action for failure to state a claim upon which relief can be granted, as such motions are viewed with disfavor in federal courts. *See De la Cruz v. Tormey, supra,* 582 F.2d at 48. Rule 9, however, places a corresponding burden on the pleader of fraud to state his

---

**2.** Rule 11 of the Federal Rules of Civil Procedure has been adopted as Bankruptcy Rule 911(a) without any substantial change.

claim with reasonable particularity, even in a bankruptcy setting. *See In re Brown, supra,* 444 F.2d at 50. Taking these competing policies into consideration, the Court has concluded that Plaintiffs' original complaint does not satisfy the requirements of the rules.

It must now be determined whether dismissal should be granted with leave to amend. If leave to amend is granted, then this Court must also determine whether Plaintiffs' lodged amended complaint will serve as a proper amendment.

### B. *Plaintiffs' Amended Complaint*

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires". The Federal courts have construed this wording to mean that amendments will be allowed where the movant has not been guilty of bad faith, has not acted for delay and where the other party will not be prejudiced by the amendment. 3 *Moore's Federal Practice* ¶ 15.08[2], p. 15–62 (2d ed.).

 Here, there is no indication that Plaintiffs have acted in bad faith or sought to delay this proceeding. Additionally, there are no grounds upon which to conclude that McGuff will be prejudiced if leave to amend is granted. This is so because McGuff was put on notice of who the real parties in interest are in this case because they are referred to in the text of the original complaint. Similarly, McGuff was put on notice of their general contention even though the factual elements of the fraud they alleged were not pleaded with sufficient particularity.

In light of these factors, this Court has decided to grant leave to amend the original complaint. This conclusion is in keeping with the general policy of the Federal Rules of Civil Procedure that controversies should be decided on their merits and not on procedural technicalities. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Schmidt v. Herrman,* 614 F.2d 1221 (9th Cir. Feb. 4, 1980), Case No. 77–2821.

The amended complaint which plaintiffs have proposed is another matter. It names Livran as a plaintiff and thus is improper in light of the fact that he is not a creditor of the bankrupt. Dowd and Johnson, however, can be properly included as replacement plaintiffs, as an amendment may permit substitution of a party in whom a cause of action really lies. *See* 2B *Moore's Federal Practice* ¶ 25.02, p. 25–25 (2d ed.).

The inclusion of Dowd and Johnson as plaintiffs here raises the question of whether the proposed amendment will relate back to the original filing of the complaint. In this regard, Rule 15(c) of the Federal Rules of Civil Procedure provides that:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

 Although Rule 15(c) is framed in terms of the addition of a party defendant, it may be utilized to substitute a new plaintiff. *See Staggers v. Otto Gerdau Company,* 359 F.2d 292, 296 (2d Cir. 1966). As can be seen, notice to the party about to be substituted is the key factor in determining whether a claim should relate back.

 Here, it cannot be said that Dowd and Johnson did not know of the previous action as they were included in the text of the original complaint as the real parties in interest. It appears that the failure of the plaintiffs to bring this action in the names of the proper parties was simply inadvertent and a mere oversight. Moreover, McGuff will suffer no prejudice by allowing this amendment to relate back, as he too was fully apprised of who the real complainants were here.

## IV

## CONCLUSION

For the foregoing reasons, plaintiffs complaint will be dismissed with leave to amend. In plaintiffs' amended complaint Dowd and Johnson may be properly named a plaintiffs, though Livran may not.

Plaintiffs shall prepare an appropriate order dismissing their complaint with leave to amend, and file their amended complaint with 14 (fourteen) days.