In the Matter of Karl K. JONES and Bonnie M. Jones, Debtors.

FARMERS & MERCHANTS BANK, Plaintiff,

v.

Karl K. JONES and Bonnie M. Jones, Defendants.

Bankruptcy No. 84–01154–SJ.
Adv. No. 84–0361–SJ.

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

Aug. 9, 1985.

Donald E. Reynolds, Rock Port, Mo., for plaintiff.

Hugh A. Miner, St. Joseph, Mo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING THE PLAINTIFF'S WITHIN COMPLAINT OBJECTING TO DISCHARGE

DENNIS J. STEWART, Chief Judge.

The plaintiff requests denial of the defendants' discharge in bankruptcy on the grounds of a prebankruptcy fraudulent transfer with intent to hinder, delay, and defraud creditors within the meaning of § 727(a)(2) of the Bankruptcy Code. The action came on before the bankruptcy court for hearing of its merits on June 28, 1985, in St. Joseph, Missouri. The plaintiff then appeared by Donald E. Reynolds, Esquire, its counsel, and the defendants appeared personally and by counsel, Hugh A. Miner, Esquire.

The evidence which was then adduced to the court demonstrated that, in an adversary action previously heard and determined by this court, *Federman v. Jones*, 68 B.R. 483 (Bkrtcy.W.D.Mo.1984), this court issued its final judgment on December 26, 1984, directing the brother and sister-in-law of the defendant Karl K. Jones to turn over certain real property to the trustee in bankruptcy which the defendant debtors had transferred to them within the year next preceding bankruptcy. In that action, this court made the following relevant findings of fact and conclusions of law:

"The within title 11 proceedings were commenced by the debtors on April 11, 1984. Some eight years earlier, the debtors had, in December of 1976, entered into a contract for deed with Mr. Jones' parents with respect to the real property in question. Under its material terms, the debtors were purchasers and the parents were sellers. The total purchase price, according to the letter of the governing contract for deed was to be the total sum of $48,000.00, payable in installments. In March 1984, well within the year next preceding bankruptcy, the debtors assigned all their rights in the contract for deed to the defendants. The document constituting the assignment recited that the consideration for the transfer was to consist in certain personal services provided by the defendants. The defendants, after the assignment, continued to live at a great distance from the property, over 200 miles away, and they have not used the property in any manner. All of the farming of the land was admittedly done by the debtor Karl Kenneth Jones, although he insists that he only did it 'for' his brother, the defendant Earl E. Jones. The debtor Karl Kenneth Jones also made numerous repairs and improvements to the property, all of which the defendant Earl E. Jones claims to have paid for.

"The assignment of rights in the contract for deed took place after the debtors had consulted an attorney with respect to taking bankruptcy and after they realized that they would have difficulty in paying their outstanding debts. In the same general period of time, the debtor Karl Kenneth Jones, in the course of an effort to obtain credit from one source, stated that the contract-for-deed arrangement which he had with his mother was intended to have the effect of keeping the underlying real property unavailable to creditors.

"The value of the interest in real property which was transferred to the defendant is an issue on which the evidence is conflicting. The evidence which has been presented by the defendant tends to show that the underlying real property was worth less than the total sum of $48,000.00 which the debtors agreed to pay for it, while the evidence adduced by plaintiff tends to show the existence of a considerable equity in the property.

### Conclusions of Law

"The applicable decisional authority is clear to the effect that the purchaser in a contract for deed has a mortgagable and transferable interest in the underlying real property. See, e.g., *Fincher v. Miles Homes of Missouri, Inc.*, 549 S.W.2d 848 (Mo.1977), and other cases and authorities. This interest would have passed to the trustee in bankruptcy under § 541 of the Bankruptcy Code, absent the pre-bankruptcy transfer. Even in the absence of any actual equity in the property, the debtors, and hence their successor in interest, the bankruptcy estate, have a cognizable interest in the property. *In re Lovett*, 11 B.R. 123 (W.D.Mo.1977). Accordingly, under § 548 of the Bankruptcy Code, as applicable to this action, that interest is recoverable by the trustee by means of avoiding any transfer made with actual intent to hinder, delay and defraud creditors. There is a great confluence of several badges of fraud: (1) transfer to a relative; (2) at a time when bankruptcy was within the contemplation of the transferors and very shortly before the actual filing of the bankruptcy petition; (3) at a time when the transferors were unable to meet their due debts; and (4) with retention of actual use and enjoyment of the property in the transferors. Further, at a relevant time, the debtor Karl Kenneth Jones admitted that his intention in the entire contract-for-deed arrangement was to keep the real property out of the hands of their creditors. It is therefore found and concluded by the court that the assignment to defendants was a transfer with actual intent to hinder, delay and defraud creditors within the meaning of § 548, *supra*."

The findings made in the former action therefore warrant a finding and conclusion that a ground for denial of discharge exists.[1] The existence of such a ground, however, is not a sufficient condition to warrant a denial of discharge in bankruptcy, although it is a necessary one.[2] It remains within the discretion of the bankruptcy court to grant or deny the discharge in bankruptcy. The parties have adduced evidence on that issue, which shows in material part that the debtors commenced farming in 1976, at which time they entered into the contract for deed with the mother of Karl Kenneth Jones which was the subject of the prior adversary action; that they rented or leased two other parcels of real property; that they suffered great losses from their farming operations in the years 1982, 1983, and 1984; that they thereby became unable to continue to make payments to their mother;[3] that, after they had attempted and failed to obtain loans which would allow them to pay all their debts, they entered into the agreement to transfer their interest in the contract for deed to the brother and sister-in-law of the

---

1. See section 727(a)(2) of the Bankruptcy Code to the effect that "(t)he court shall grant the debtor a discharge, unless ... the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed .... property of the debtor within one year before the date of the filing of the petition."

2. "The question of the right to a discharge is addressed to the sound discretion of the bankruptcy court, with the exercise of which, except in cases of gross abuse, an appellate court will not interfere." *In re Brown*, 314 F.Supp. 947, 955 (W.D.Ark.1970), affirmed 444 F.2d 49 (8th Cir.1971), quoting *Burchett v. Myers*, 202 F.2d 920 (9th Cir.1953).

3. Mary Jones, with whom they had reportedly signed the contract for deed and who claimed to own title to the real property.

 

defendant Karl Kenneth Jones; that the agreement was entered into on March 28, 1984, only 14 days before the filing of the defendants' bankruptcy petition; that this was done after they had initially contacted Mr. Miner, their attorney, in February 1984 with the intention of filing the bankruptcy proceedings; that, prior to the transfer the defendant Karl Kenneth Jones was advised by an accountant that the plaintiff might claim an interest in the property; that, after the transfer of March 28, 1984, purported to have been effected, the debtors continued to farm the property in question, stating that they had been hired by the transferees to do so; that later they moved into the house on the transferred property in July 1984 and moved out of the house a couple of months ago; that at the time of the filing of the petition for voluntary bankruptcy, the debtors owed a total of $364,854.00 in debts; and that they disclosed the March 28, 1984, transfer in their schedules.

The debtors had the intent to hinder, delay, and defraud creditors when they made the transfer of March 28, 1984. The coincidence of many badges of fraud is too great to make any other finding in that respect.[4] But the great indebtedness owed by the debtors would make life nearly impossible for them if the discharge were not granted.[5] The loss of the property itself may be a sufficient penalty under these circumstances and there are some mitigating circumstances in the debtors' appearing to believe that they were bound by the wishes of the mother of Karl Kenneth Jones in the matter. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that the plaintiff's objection to the debtors' discharge in bankruptcy be, and it is hereby, denied.

---

**4.** But "even if a ground for denial of discharge exists ..., it is still within the discretion of the court to grant or deny a discharge." *In re Woodhull,* 30 B.R. 83, 87 (Bkrtcy.E.D.Ark.1983).

**5.** According to the schedules and the evidence in this case, the unsecured portion of the debtors' indebtedness to the Farmers and Merchants Bank of Elmo exceeds $100,000. Even if it were to be favorably amortized so as to be payable over the next ten years, it seems likely, in view

of the meager economic circumstances of the debtors, to make their rehabilitation unlikely or impossible. The court is, of course, disturbed that some other smaller unsecured debts are also scheduled—debts of a magnitude which would seem to enable the debtors to pay them. But, "under a section 14 objection either *all* debts are denied discharge, or none are." *Matter of Retzlaff,* 1 B.R. 628, 629 (Bkrtcy.E.D.Mich. 1979).