In the Matter of Alfred A. De
STEFANO, Debtor.

John J. RITZ, Plaintiff,

v.

Alfred A. De STEFANO, Defendant.

Bankruptcy No. 84–0515.

United States Bankruptcy Court,
D. New Jersey.

Nov. 13, 1985.

Frank Vecchione, Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, N.J., for debtor.

Robert Saul Molnar, Wayne, N.J., for John Ritz.

## OPINION and ORDER

D. JOSEPH DeVITO, Judge.

The plaintiff, John J. Ritz, filed a complaint seeking a determination that a debt allegedly due and owing him by the debtor, Alfred A. De Stefano, as set forth in the latter's petition and schedules in the sum of $35,638.33, is nondischargeable. In response, the debtor moves to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted, and that plaintiff is not a creditor of the defendant and, therefore, has no standing to bring this action.

Ritz has alleged that, from December 1983 through February 1984, De Stefano engaged in a scheme to defraud Ritz and others by representing that he could obtain greeting card and gift store franchises for them when, in fact, he knew or should have known that he could not deliver. Ritz alleges that he paid over sums totaling $36,-584.33 for this service to companies which were De Stefano's "alter ego". Ritz further alleges that the monies paid over to the companies, of which De Stefano was president and sole shareholder, were not put towards their stated purposes, such as rent security deposits. Ritz further characterizes De Stefano's conduct as "willful and malicious".

By affidavit, De Stefano argues that no fraud was conducted. He contends that "Country Village", with which Ritz contracted, was unable to perform its contract obligations to Ritz due, at least in part, to the property owner's delay in completing its primary building, during which time Country Village was compelled to file its petition. De Stefano argues, further, that, in any event, he is not personally liable; that he owes no such contractual obligations to Ritz; that he has acted in good faith, as evidenced by his efforts to assist Ritz in obtaining a lease after Country Villages, Inc., the entity with which Ritz contracted, had filed its petition.

The only relevant issue at this juncture is whether or not Ritz has sufficiently pleaded fraud under sec. 523 to support his complaint. Disposition of De Stefano's other arguments, e.g., that no fraud was perpetrated, that he is not personally liable, that he acted in good faith, etc. is premature until commencement of the discovery process and the accumulation of facts sufficient to consider a summary judgment motion. *Fitzke v. Shappell*, 468 F.2d 1072 (6th Cir.1972). Here, material facts remain in dispute. A contract exists between Ritz

and Country Village Stores, Inc., dated January 16, 1984. Ritz alleges that De Stefano was president and sole shareholder of Country Village Stores, Inc. and that De Stefano had negotiated the contracts between Ritz and Country Villages, Inc. and that, as a principal of this corporation, he may be held liable for its debts if Ritz can show fraud in his dealings, *Lyon v. Barrett,* 445 A.2d 1153, 89 NJ 294 (1982), or undercapitalization, *U.S. v. Pisani,* 646 F.2d 83 (3d Cir.1981). It is clear that the company contracted to obtain a store lease from the shopping center owner and to outfit the store for operation by Ritz; however, the parameters of these obligations, and whether any additional duties were bargained for, are unclear on the face of the contract, as are the accompanying representations which may have been made to Ritz.

Ritz's complaint may be judged in light of the standard for pleadings under the Federal Rules of Civil Procedure, which are applicable to bankruptcy cases in order to maintain a procedural uniformity among bankruptcy cases and other civil litigation, *Windbrooke Development Corp. v. Environmental Enterprises, Inc. of Florida,* 524 F.2d 461, 463 (5th Cir.1975), *referring to Recile v. Ward,* 503 F.2d 1374 (5th Cir. 1974). Rule 7009 of the Bankruptcy Rules, titled "Pleading Special Matters", provides that Fed.R.Civ.Pro. 9 applies in adversary proceedings. The latter rule states that, with regard to pleading fraud, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."

Ritz's complaint, then, is held to the standard of Fed.R.Civ.Pro. 9. "Pursuant to Rule 709 [of the Bankruptcy Rules], a complaint alleging fraud as a bar to discharge requires that the circumstances constituting the alleged fraud be stated with particularity," *Bell v. Scales,* 8 B.R. 110, 112 (E.D.Va.1980). Despite the apparent harsh look to be given allegations of fraud, the Court is hesitant to reach a harsh result. As the court in *In re McGuff* stated, "a complaint should be dismissed for failing to state a claim only when it appears to be a certainty that plaintiff is not entitled to relief under any state of facts which could be proved in support of his claim," 3 B.R. 66, 69 (S.D.Cal.1980), referring to *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In essence, Ritz has utilized the precise wording of sec. 523 in framing his complaint, a practice not normally considered sufficiently particular, *see* 2A Moore's Federal Practice par. 9.03 at 9–17 (2d ed.). Ritz has failed to give notice to the debtor and to apprise this Court of the circumstances. The Court opts to follow the course taken in *In re McGuff, supra,* wherein the creditor was permitted leave to amend. The court there stated that, since there was no indication that plaintiffs had acted in bad faith or had sought to delay proceedings, or that defendant will be prejudiced, leave should be granted, *Id.* at p. 71: "... to grant leave ... is in keeping with the general policy of the Federal Rules of Civil Procedure that controversies should be decided on their merits and not on procedural technicalities."

The Court, therefore, grants leave to amend the complaint.