**In re Harvey A. ENGLANDER and Sandra S. Englander, Debtors.**

**MISSION VIEJO NATIONAL BANK, Plaintiff,**

v.

**Harvey A. ENGLANDER and Sandra S. Englander, Defendants.**

Bankruptcy No. SA 87–01581 JR.

Adv. No. SA 87–0402 JR.

United States Bankruptcy Court, C.D. California.

Nov. 2, 1987.

Daniel E. Mintz of Greenberg & Bass, Encino, Cal., for debtors.

Barbara A. Maggio of Miller, Boyko and Bell, San Diego, Cal., for plaintiff.

**MEMORANDUM OPINION**

JOHN E. RYAN, Bankruptcy Judge.

The issue before me is whether a complaint which merely alleges that a debt is

---

nondischargeable under 11 U.S.C. § 523(a) is sufficient to satisfy the 60-day timing requirement under Bankruptcy Rule 4007(c) for filing a dischargeability complaint. If it does, I then need to address debtors' alternative arguments in their motion relating to the sufficiency of the first amended complaint (the "Amended Complaint").

## STATEMENT OF FACTS

Debtors filed their Chapter 7 petition on March 17, 1987. The first meeting of creditors required under 11 U.S.C. § 341(a) was first scheduled for and held on April 27, 1987. Pursuant to Rule 4007(c), the last date for filing a dischargeability complaint under § 523 of the Bankruptcy Code was June 26, 1987. Notice of the June 26 bar date (the "Bar Date") was sent to all creditors of debtors, including plaintiff, on March 31, 1987.

On June 23, 1987, plaintiff, Mission Viejo National Bank, filed a complaint to determine dischargeability of debt (the "Initial Complaint"). Plaintiff was an unsecured creditor of debtors holding three promissory notes with an alleged aggregate unpaid balance of $214,312.14. Paragraph 7 of the Initial Complaint contains the sole reference to dischargeability. It provides

> Defendants are still indebted to plaintiff in the sum of at least $200,000 in combined debts, plus interest, and said debts are founded upon a claim which is nondischargeable under Section 523(a) of the Bankruptcy Code.

On July 24, 1987, debtors filed their motion to dismiss, or in the alternative, a motion for a more definite statement, and a request for sanctions (the "Motion").

In response to the Motion, plaintiffs filed the Amended Complaint on August 17, 1987 (nearly two months after the Bar Date). The Amended Complaint adds little flesh to the boney Initial Complaint. It regurgitates the language of § 523(a)(2)(A) and § 523(a)(2)(B) without factual backup to support these statutory allegations.

## DISCUSSION

Bankruptcy Code § 523(c) permits a creditor to except from discharge a debt owing to such creditor if the debt is of a kind which satisfies § 523(a)(2), (4), or (6). The legislative history behind § 523(c) leaves no doubt that a creditor must initiate proceedings in the bankruptcy court for an exception to discharge. H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1979); S.Rep. No. 989, 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Therefore, the creditor must act or the debt is discharged.

Rule 4007(c) sets forth the time in which the creditor must act. It provides in part

> A complaint to determine dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest after hearing on notice the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The Initial Complaint stated that this was a § 523(a) action. Section 523(a) by itself does not create a cause of action. Section 523(c) does this. I assume plaintiff intended to proceed under § 523(c) which enables a creditor to except from discharge a debt for the reasons specified in § 523(a)(2), (4) and (6). The Initial Complaint was filed timely under Rule 4007(c). Debtors contend that the Initial Complaint was insufficient on its face and fails to give adequate notice. They further argue that the filing just before the Bar Date was a "blatant" attempt to avoid the Rule 4007(c) timing limitation and the need to get an extension of time for cause to file an adequate § 523(c) complaint. Debtors urge me to reject this "bad faith" attempt to circumvent the purpose behind Rule 4007(c).

Plaintiff responds that the Initial Complaint was sufficient to satisfy Rule 4007(c) and the Amended Complaint relates back and supersedes the Initial Complaint and is sufficient for purposes of any Fed.R.Civ.P. 12(b)(1) [lack of jurisdiction] or (6) [failure

to state a claim upon which relief can be granted] motion.

 I believe a creditor has an obligation to make a good faith filing of a § 523(c) complaint to satisfy the timing limitation of Rule 4007(c). I am convinced plaintiff did not file the Initial Complaint in good faith. Why do I believe this to be the case? The Initial Complaint lacks any factual allegations necessary to support a § 523(c) complaint. The stated facts establish a debtor/creditor relationship, debtors' discharge and the nature of the debt. No facts are presented in the Initial Complaint which would give debtors a clue as to the nature of the § 523(c) complaint. Furthermore, the only reference to § 523 is an unsupported and conclusive statement that the debt owing is nondischargeable under § 523(a). Section 523(c), which is the sole statutory basis for a creditor alleging exceptions to discharge, is not even cited. Since there are three subsections of § 523(a) [ (2), (4) and (6) ] which constitute exceptions to discharge pursuant to § 523(c), debtors could not possibly answer the Initial Complaint.

Many courts have held that a mere recitation of the various provisions of the Bankruptcy Code upon which a party may object to discharge fails to sufficiently plead a cause of action. See *In re McGuff,* 3 B.R. 66 (Bankr.S.D.Cal.1980); *In re Sriberg,* 49 B.R. 80, 81 (Bankr.D.Mass.1984); *In re Kerr,* 58 B.R. 171, 173 (Bankr.E.D.Ark.1985); *Matter of Schwartzman,* 63 B.R. 348, 359 (Bankr.S.D.Ohio 1986).

In *In re McGuff, supra,* the complaint merely recited the statutory wording of Section 14(c) of the Bankruptcy Act to object to debtor's discharge. In finding the complaint deficient, the court held

> In order to state a claim for relief under Section 14(c) the complaint need only apprise the bankrupt of the facts the creditor is relying on to deny his discharge. Plaintiff's complaint does not meet this standard. It merely repeats the wording of the statute and no facts are included in support of its allegations. In view of this deficiency, the complaint cannot be said to inform McGuff (the debtor) of the

facts upon which plaintiffs complain thereby allowing him to prepare an effective response.

*Id.* at 70.

Unquestionably, plaintiff's complaint is deficient under this standard. By merely pleading an objection to discharge under § 523(a), the Initial Complaint fails to place the debtors on notice of any facts or the nature of the claims underlying the objection. The inherent deficiency of the Initial Complaint is not even a close call. In fact, it is *per se* deficient.

As further support for my view that the Initial Complaint was not filed in good faith, plaintiff did not satisfy 9011 of the Bankruptcy Rules.

Under Rule 9011, the signature of an attorney warrants "that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well founded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." Did counsel make a reasonable inquiry before preparing the Initial Complaint? I don't believe she did. Otherwise, there would have been some factual and statutory support for the filing. The requirements set forth in Rule 9011 are, in my view, minimal standards which every attorney should satisfy when preparing a complaint, especially a complaint under § 523(c) which can adversely affect the "fresh start" prospects of a debtor. Plaintiff's attorney did not comply with Rule 9011 because the Initial Complaint is defective on its face and evidences no reasonable inquiry into the factual or statutory basis for the filing. I can only conclude that plaintiff's attorney knew or should have known the Initial Complaint was defective, but went ahead and filed it to avoid the Bar Date and circumvent the need to get court approval for cause to extend the filing date. Plaintiff's attorney took the risk that she could later amend the Initial Complaint to circumvent its deficiencies. Under these circumstances, the Initial Complaint was filed in bad faith. Ac-

cordingly, it did not satisfy the timing limitation of Rule 4007(c).

Another reason why the Initial Complaint failed to accomplish plaintiff's purpose is the special status reserved for Rule 4007(c). The courts have consistently enforced the Rule 4007(c) bar date. In *In re Harrison*, 71 B.R. 457 (Bankr.D.Minn. 1987), the court stated

> No consideration of the relevant equities in a discharge or dischargeability adversary proceeding can ignore the 60 day statute of limitations of BANKR R 4004(a) and 4007(c). The statute of limitations is among the very shortest under federal law. It is designed to further the 'fresh start' goals of bankruptcy relief; it requires creditors to promptly join their exceptions to discharge of debt and objections to discharge, so a petitioning debtor will enjoy finality and certainty in relief from financial distress as quickly as possible.

*Id.* at 459.

The Ninth Circuit supports this view. In *In re Rhodes*, 61 B.R. 626 (9th Cir.BAP 1986), the plaintiffs sought to file a dischargeability complaint six months after the Rule 4007(c) bar date. The Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's dismissal of the complaint, notwithstanding the fact that the plaintiff and his attorney did not receive notice of the deadline for filing objections to discharge. According to the BAP,

> The requirement that the motion to extend time be filed before the time expires is a new requirement not found explicitly in the old bankruptcy rules. By prohibiting what it use to allow, 'Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim.' *In re Figueroa*, 33 B.R. 298, 300 (Bankr.S. D.N.Y.1983)

*Id.* at 630. Also see *In re Hill*, 811 F.2d 484 (9th Cir.1987); *In re Hudson*, 73 B.R. 649 (9th Cir.BAP 1987).

The recent Ninth Circuit BAP opinion of *In re Michael M. Lochrie*, 78 B.R. 257 (9th Cir.BAP 1987) lends further support to a strict interpretation of § 523(c) and the insufficiency of general allegations in a § 523(c) complaint. In *Lochrie*, the plaintiffs claimed an exception to discharge under § 523(a)(3)(B). The bankruptcy court held that an allegation of a cause of action under § 523(a)(2), (4) or (6) was sufficient to state a case for nondischargeability under § 523(a)(3)(B). In reversing the bankruptcy court's ruling on this point, the BAP held

> The purpose of 523(a)(3)(B) is to allow a creditor to file a nondischargeability complaint where it would otherwise be barred by the time limitations of § 523(c) and Bankruptcy Rule 4007(c).... Section 523(a)(3)(B) does not create a separate exception from discharge merely for the debtor's failure to schedule a creditor. Instead, the creditor must also have a cause of action under § 523(a)(2), (4) or (6). Mere allegations of a cause of action are not sufficient.

*Id.* at 259.

These decisions provide further support that § 523(c) and Rule 4007(c) require strict enforcement. To permit plaintiff to circumvent Rule 4007(c) this way would be inconsistent with the spirit of these holdings. I will not condone the use of a complaint with a bare allegation objecting to discharge filed purposely to satisfy the Rule 4007(c) bar date. To do so would be an open invitation for abuse. Congress attempted to protect a debtor's fresh start by requiring a judicial finding of cause to extend the Rule 4007(c) bar date. Accordingly, defendant's motion to dismiss plaintiff's complaint for failure to satisfy the Rule 4007(c) bar date is granted.

■ Debtors ask for sanctions under Rule 9011. As previously indicated, I do not believe plaintiff's attorney met her professional obligations in filing the Initial Complaint. Therefore, I impose sanctions against plaintiff's attorney in the amount of $500.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opin-

ion shall constitute my findings of fact and conclusions of law.