**In re Russell Don ANGLIN.**

**CITIZENS BANK OF JONESBORO, Plaintiff,**

v.

**Russell Don ANGLIN and James O. Cox, Trustee, Defendants.**

**James O. COX, Trustee, Plaintiff,**

v.

**Russell Don ANGLIN, Defendant.**

Bankruptcy No. FS 87–100.
Adv. Nos. 88–22, 88–23.

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

June 23, 1988.

Orvin Foster, Mena, Ark., for Citizens Bank of Jonesboro.

William Barry, Ft. Smith, Ark., for debtor.

James Cox, Ft. Smith, Ark., Trustee.

### MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court are two Complaints objecting to the debtor's discharge in this Chapter 7 case filed pursuant to multiple subsections of 11 U.S.C. § 727 by the Trustee (AP 88–23) and a creditor, First State Bank of Rowlette of Texas ("Bank") (AP 88–22). The Bank in the same adversary proceeding also filed a Complaint objecting to dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A). The two adversary proceedings were consolidated by agreement of all parties and came on for trial May 16, 1988. The Trustee, James Cox, appeared *pro se*, the Bank appeared by counsel, Orvin Foster, Esq., and the debtor appeared personally and by counsel, William Barry, Esq.

This Court has jurisdiction over the case pursuant to 28 U.S.C. § 157. Moreover, the Court finds that it is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(J) and (I).

After hearing statements of counsel and the Trustee as well as hearing testimony from the Trustee and the debtor the Court

concludes that the debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3) and (a)(5). Because the Court finds that the debtor's general discharge should be denied, it does not find it necessary to make additional findings with regard to the bank's objection to dischargeability of its separate debt pursuant to 11 U.S.C. § 523(a)(2)(A).

The Trustee contends and the evidence supports a finding that the debtor failed to produce requested financial records and failed to account for the disposal of approximately $6,000,000.00 in assets prior to the filing of his Chapter 7 case.

 Denial of discharge in bankruptcy, if grounds exist, is within the discretion of the Court. *In Re Brown*, 314 F.Supp. 947 (W.D.Ark.1970), affirmed 444 F.2d 49 (8th Cir.1971). The initial burden of proving by a preponderance of evidence those facts required to establish that the debtor should be denied a discharge must be met by the complaining party. *In Re Riso*, 74 B.R. 750 (Bkrptcy. D.N.H.1987). Once proof is introduced that the debtor committed any act which would support a denial of discharge, the debtor then has the burden of coming forward with evidence to explain his conduct. *In Re Locke*, 50 B.R. 443 (Bkrptcy E.D. Ark.1985). *Bankruptcy Rules of Procedure*, Rule 4005. Here the Trustee met his burden but the debtor in no way gave any credible explanation for his failure to produce records which would assist the Trustee and the creditors in tracing this debtor's financial history. Rather, the debtor, at this juncture in the proceedings, well over a year after his petition was filed and after the Trustee filed this Complaint, now professes as virtually his only defense a willingness to produce whatever the Trustee requests contending he did not understand the Trustee's previous requests.

The Court does not find the debtor's testimony credible. Creditors and the Trustee should not be required to drag information from a reluctant and heretofore uncooperative debtor. That is not consistent with the purpose and spirit of the Bankruptcy Code.

See *In Re Tulley*, 818 F.2d 106 (1st Cir. 1987), wherein the Court held:

... the very purpose of certain sections of the law, ... is to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs. The statutes are designed to insure that complete, truthful, and reliable information is put forward *at the outset of the proceedings*, so that decisions can be made by the parties in interest based on fact rather than fiction ..., "[t]he successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure ..." Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight. [citations omitted] [emphasis added]

Denial of discharge, under the circumstances, is warranted.

Accordingly, it is hereby

ORDERED that the Objection to the debtor's discharge is sustained pursuant to 11 U.S.C. § 727(a)(3) and (a)(5) and the debtor's discharge denied.

IT IS SO ORDERED.