In the Matter of William J. CONWAY, Jr.

William J. CONWAY, Appellant,

v.

**FIRST INTERSTATE BANK OF ENGLEWOOD, N.A., Appellee.**

Bankruptcy No. 84 B 2267 G.

Civ. A. No. 87–C–1917.

United States District Court, D. Colorado.

Jan. 30, 1989.

**312**

Bradley P. Pollock, Bell & Pollock, Littleton, Colo., for appellant.

Stephen M. Bailey, Cogswell & Wehrle, Denver, Colo., for appellee.

## ORDER

CARRIGAN, District Judge.

Debtor/appellant William J. Conway appeals the order of the United States Bankruptcy Court for the District of Colorado entering judgment in favor of the appellee First Interstate Bank of Englewood, N.A. ("First Interstate"), and denying the appellant's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A). Jurisdiction exists under 28 U.S.C. § 158.

On May 11, 1984, the debtor/appellant Conway filed a petition for relief under Chapter Seven of the Bankruptcy Code. On September 10, 1984, the appellee First Interstate filed a complaint objecting to the discharge of the defendant. Appellee then filed an amended complaint alleging nondischargeability pursuant to 11 U.S.C. §§ 523(a) and 727(a). The amended complaint specifically alleges that First Interstate made certain loans to Conway Corporation, which Conway personally guaranteed, and that because of such guarantee Conway owes First Interstate $271,000 plus interest, charges and fees. Additionally, the amended complaint asserts that Conway, among other things:

> "fraudulently transferred property, hid or concealed property or misused corporations and/or corporate entities with regard to certain property and assets, failed to list property on his Bankruptcy Petition, Schedules, Statement of Financial Affairs and other documents, failed to disclose certain assets, transferred property to defraud creditors, defrauded creditors...." (¶ 12)

Trial before the bankruptcy court commenced on February 18, 1987, and after several continuances was concluded on December 2, 1987. At the close of the appellee's case in chief, the debtor/appellant moved to dismiss the complaint. In ruling on the motion, the bankruptcy court found that First Interstate had failed to establish a prima facie case under § 523(a), but that sufficient evidence was introduced to establish the appellee's claims under §§ 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A) by clear and convincing evidence. The court dismissed the appellee's claim alleged under 11 U.S.C. § 727(a)(5).

One of the grounds for dismissing the § 523(a) claims was the bankruptcy court's determination that there was no evidence of the existence of a debt owed by the debtor to First Interstate. Although First Interstate contends that the bankruptcy court erred in finding that Conway did not owe a debt to it, it does not appeal the bankruptcy court's decision to dismiss its claims under § 523(a).

The sole issue raised on appeal by Conway is whether the bankruptcy court erred in denying his motion to dismiss the claims alleged under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A) at the conclusion of the appellee's case despite having found that the appellee failed to allege the existence of a debt owed to it by the appellant.

A bankruptcy court's findings of fact should not be set aside by the district court unless they are "clearly erroneous" as a matter of law. Bankruptcy Rule 8013. However, a district court must review the bankruptcy court's conclusions of law *de novo. In re Mullet,* 817 F.2d 677, 679 (10th Cir.1987). The parties have briefed the issues and oral argument would not materially assist my decision.

Under 11 U.S.C. § 727(c), a "creditor" may object to the granting of a discharge by alleging a claim or claims pursuant to 11 U.S.C. § 727(a). Section 727(a) provides, in relevant part:

> "The court shall grant the debtor a discharge, unless—
>
> \* \* \* \* \* \*

(2) the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, or concealed—

    (A) property of the debtor, within one year before the date of the filing of the petition;

    \*    \*    \*    \*    \*    \*

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

    (A) made a false oath or account; ...."

Section 101(9)(A), 11 U.S.C., defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." "The term 'claim' is crucial to the understanding of the breadth of the definition of the term creditor." *In re Shumate*, 55 B.R. 489, 492 (W.D.Va.1985). Under 11 U.S.C. § 101(4)(A), the term "claim" means the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

Appellant argues that First Interstate failed to present any evidence showing that it had a claim against him, and that the bankruptcy court specifically found that there was no evidence introduced which established the existence of a debt owed by the defendant to the plaintiff. Appellant adds that "[i]n the absence of such evidence, [the appellee] failed to establish that it had standing to bring a case under Section 727, and the Court therefore should

have dismissed [the appellee's] complaint." (Brief, at 5.)

In response, First Interstate asserts that it clearly is a "creditor" of Conway because: (1) it filed a proof of claim which is part of the record, and which was never objected to by Conway; (2) its claim clearly fits within the definition of "claim," as set forth in 11 U.S.C. § 101(9); (3) it clearly fits within the definition of "creditor," as set forth in 11 U.S.C. § 101(4); (4) it was listed as a creditor with a claim by Conway in his bankruptcy petition, which was introduced as evidence at the trial; (5) prior to the trial, Conway never denied the fact that First Interstate was a creditor with a claim against him; and (6) the Bankruptcy Code does not require that a creditor's claim be provable.

After reviewing the pleadings, the briefs, the relevant statutes, and the entire record, I conclude that the bankruptcy court did not err in determining that First Interstate presented sufficient evidence to support its claims for objection to discharge under § 727(a). The bankruptcy court properly found First Interstate to be a "creditor" of the debtor because First Interstate has a "claim against the debtor that arose at the time of or before the order for relief concerning the debtor." The "claim" of First Interstate is its asserted right to payment arising out of the debtor's personal guarantee of loans extended to Conway Corporation. Significantly, under § 101(4)(A), a "right to payment" need not be reduced to judgment, liquidated, fixed, matured, or undisputed.

Appellant suggests that once the bankruptcy court determined that no debt existed, it acted inconsistently by dismissing the § 523(a) claims but retaining the claims alleged pursuant to §§ 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A). I disagree. Significantly, § 523(a) specifically uses the term "debt." It provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any *debt....*" (Emphasis added.) In contrast, § 727(a) does not use the term debt. Rather, as discussed above, under § 727(c), an

entity with a claim against the debtor may file a complaint objecting to the debtor's discharge because of any of the reasons stated in § 727(a).[1] Unlike § 523(a), there is no requirement in § 727(a) that the entity show that its claim against the debtor has been reduced to a "debt."

Accordingly, IT IS ORDERED that the decision of the United States Bankruptcy Court for the District of Colorado is AFFIRMED.

---

1.  In support, the appellant cites *In re McGuff*, 3 B.R. 66 (Bankr.S.D.Cal.1980), in which the court stated that a person could not be a "creditor" if he was not owed anything by the bankrupt. However, *McGuff* was decided under the Bankruptcy Act of 1898. As observed by the appellee, while the word "creditor" is defined under § 101(9) of the Bankruptcy Code in terms of a claim, the predecessor § 1(1) of the former Bankruptcy Act defined the term "creditor" in terms of a "debt." (Brief, at 6.)