**Richard WOODS, Plaintiff,**

v.

**PARTENREEDEREI M.S. YANKEE CLIPPER, Defendant.**

Civ. A. No. 85–3652–C.

United States District Court,
D. Massachusetts.

Sept. 3, 1986.

Charles A. Clifford, Charlestown, Mass., for plaintiff.

Thomas Walsh, James Ring, Bingham Dana Gould, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Richard Woods, a longshoreman who was injured while working aboard the containership Yankee Clipper in Boston Harbor on October 1, 1982. The defendant, Partenreederei, a corporation existing under the laws of the Federal Republic of Germany, is the

owner of the Yankee Clipper. The matter is now before the Court on the defendant's motion to dismiss the complaint on the grounds of insufficiency of service of process under Fed.R.Civ.P. 4(j) and 12(b)(5) and failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6).

The defendant's first argument is that the plaintiff failed to serve process upon it or its agents within 120 days of the filing of the complaint, in violation of Fed.R. Civ.P. 4(j), and that the complaint therefore should be dismissed. The complaint was filed in this Court on September 25, 1985, and the plaintiff served process upon John Hudson of Boston Overseas, Inc. in Boston, Massachusetts on October 30, 1985. It appears from the record that no further pleadings were filed until May 27, 1986, when the defendant filed its motion to dismiss with a supporting memorandum. The defendant maintains that Boston Overseas is not, and never has been, its local port agent or an agent authorized to receive legal process on its behalf under Fed.R. Civ.P. 4(d)(3).

According to the affidavit of John Hudson filed by the defendant in support of its motion, Boston Overseas is the local port agent in Boston for Hapag-Lloyd Aktiengesellschaft, a time charterer of the vessel, but does not serve as the local port agent of the defendant. The plaintiff is not contending now that Boston Overseas was the defendant's agent; however, the plaintiff stated in an affidavit that upon notifying ITO Corporation, his employer at the time he was injured, of his intent to sue the owner of the Yankee Clipper, he was informed that the defendant's agent for service of process was "Boston Overseas, Mr. John Hudson." The plaintiff has also submitted an affidavit by his attorney, Charles Clifford, in which Clifford stated that according to the October 1, 1982 issue of the Boston Globe, the motor vessel Yankee Clipper had arrived in Boston from Providence carrying a cargo of containers. The Boston Globe article purportedly listed "Boston Overseas, Inc." in the space in which a vessel's agent ordinarily is listed.

Fed.R.Civ.P. 4(j) provides, in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ... upon motion....

Because the rule itself provides no guidance as to what constitutes "good cause," courts must determine on the facts of each case whether good cause has been shown. The defendant correctly points out that the burden of showing good cause is on the plaintiff, *Rivera v. Nissan Manufacturing Co.*, 788 F.2d 819, 821 (1st Cir.1986) (*per curiam*); nevertheless, I rule that the plaintiff has carried his burden. The plaintiff's error in serving Boston Overseas, Inc. was reasonable. The plaintiff requested the name of the defendant's local agent from his employer ITO Corporation, a company that provided stevedoring services for the defendant, and ITO Corporation told the plaintiff that the defendant's agent was "Boston Overseas, John Hudson." Furthermore, ITO Corporation's identification of Boston Overseas as the defendant's agent was corroborated by the information that the plaintiff's attorney read in the October 1, 1982 issue of the Boston Globe. For these reasons and because there is nothing before the Court to indicate that the plaintiff should have been suspicious that Boston Overseas was not the defendant's agent for the purpose of receiving legal process, I rule that the plaintiff has made the requisite showing of "good cause" under Fed.R.Civ.P. 4(j).

The defendant also moves to dismiss the complaint on the grounds that the complaint purports to state a claim based only on the Yankee Clipper's "unseaworthiness," and that the law no longer recognizes such claims. Prior to 1972, a longshoreman could recover damages from a shipowner for injuries caused by the ship's unseaworthiness or negligence. *Scindia*

*Steam Navigation Co. v. De Los Santos,* 451 U.S. 156, 164, 101 S.Ct. 1614, 1620, 68 L.Ed.2d 1 (1981); *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). The 1972 Amendments to the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. §§ 901–950, eliminated claims by longshoremen based solely on a ship's unseaworthiness. 33 U.S.C. § 905(b). A longshoreman's right to recover from a shipowner for negligence, however, was preserved. 33 U.S.C. § 905(b); *Scindia Steam Navigation Co.,* 451 U.S. at 165, 101 S.Ct. 1621.

The defendant's position is that the plaintiff's claim is based on the doctrine of unseaworthiness and thus should be dismissed. The plaintiff, on the other hand, contends that his claim is clearly based on the doctrine of negligence and that the defendant's motion to dismiss should therefore be denied or, in the alternative, the Court should grant the plaintiff adequate opportunity to amend the complaint. Paragraph seven of the complaint alleges that while working aboard the Yankee Clipper the plaintiff "was casued [sic] to sustain severe crippling injuries while giving signals to a shore crane operator." Paragraph nine alleges that "said accident occurred ... wholly and solely through the negligence and carelessness of the defendant, its agents, servants and employees in failing and neglecting to provide the plaintiff with a safe place in which to work aboard the vessel M.S. Yankee Clipper and in failing and neglecting to provide the plaintiff with a seaworthy and proper vessel, appliances and equipment."

The complaint as it now stands is loosely drawn in that it appears to combine claims for negligence and unseaworthiness. *Cf. Bilderbeck v. World Wide Shipping Agency,* 776 F.2d 817 (9th Cir.1985). Fed.R. Civ.P. 15(a) provides, however, that leave to amend a pleading "shall be freely given when justice so requires." Because there is no evidence of bad faith on the part of the plaintiff, repeated failure to cure the complaint, futility, undue delay, or undue prejudice to the defendant, *Perlmutter v. Shatzer,* 102 F.R.D. 245, 247 (D.Mass.

1984), I rule that the plaintiff should be allowed thirty days to amend his complaint and serve process on the defendant.

Order accordingly.