ORDER
 

 DONALD E. O’BRIEN, Chief Judge.
 

 This matter is before the Court on cross-objections to the Magistrate’s Report and Recommendation, No. 33 on the Clerk’s Memorandum of Papers. A hearing was held, and after careful consideration of the parties’ briefs and arguments, the Court adopts the Magistrate’s decision.
 

 I. FACTS
 

 Plaintiff brought this action for money damages arising out of a violation of the automatic stay in bankruptcy, 11 U.S.C. § 362, including loss of business and profits, injury to reputation, attorney’s fees and severe emotional distress. On June 12, 1981, plaintiff filed bankruptcy under Chapter 7 in the U.S. Bankruptcy Court for the Northern District of Iowa, Western Division. On August 5, 1982, an action was filed by defendants against plaintiff in U.S. District Court for the District of North Dakota, Southwest Division. Plaintiff filéd a motion for contempt in bankruptcy. The Bankruptcy Court found the Defendant Cate in contempt and fined him $1,000.00. After plaintiff filed the instant action, defendants moved to dismiss on grounds of untimely service, insufficient minimum contacts, and failure to state a cause of action. The matter was referred to Magistrate James D. Hodges for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate found that defendants had sufficient minimum contacts with Iowa and that the defendants were timely served. However, the Magistrate found that 11 U.S.C. § 362 does not create a private right of action, and that plaintiff’s exclusive right of action for damages from violation of the automatic stay existed in the Bankruptcy Court.
 

 II. DISCUSSION
 

 A. Defendants’ Objections.
 

 Defendants object to the Magistrate’s ruling, finding that they were timely served and that they have sufficient minimum contacts with Iowa.
 

 1. Timeliness of Service. Fed.R. Civ.P. 4(j) requires that service of the summons and complaint must be made on a defendant within 120 days after the filing of the complaint. If the plaintiff cannot show good cause why service was not made within the time period, the action shall be dismissed as to that defendant without prejudice. Plaintiff filed his complaint on August 6,1984. It was dismissed and reinstated on December 21, 1984. Defendants were served on April 22, 1985, 121 days after the complaint was filed.
 
 [1]
 

 
 *494
 
 Plaintiff contends that he had two good reasons for the delay: (1) defendants had moved and could not be readily located, and (2) plaintiff changed counsel. Defendants argue that plaintiff has failed to show “good cause” and that, therefore, Rule 4(j) requires dismissal. Defendants cite
 
 Coleman v. Greyhound Lines, Inc.,
 
 100 F.R.D. 476 (1984), for the proposition that change of counsel does not constitute “good cause.” In
 
 Coleman,
 
 the court noted that new counsel’s “so-called inadvertence is precisely the factor the rule was aimed at. Its entire focus was to force plaintiffs’ (more realistically their lawyers’) diligence in order to preserve causes of action against limitations problems.”
 
 Id.
 
 at 477. What apparently bothered the
 
 Coleman
 
 court most was the fact that even after new counsel learned of the non-service, eight days still remained before the 120-day time period ran and “there was no hint of any reason timely service could not have been obtained,” and that service was made 60 days after expiration of the 120-day period.
 
 Id.
 
 at 477-78.
 

 However, in the instant case, service was made only one day beyond the statutory period. Defendants argue that it is immaterial that defendants were not prejudiced by the delay. This Court disagrees. In
 
 United States v. G.H. Coffey Co.,
 
 100 F.R.D. 413, 419 (1983), the court held that prejudice to the defendant was an additional consideration under Rule 4(j). This Court finds that plaintiff had good cause, the one-day delay did not prejudice defendants, and therefore the Magistrate’s Report and Recommendation on this issue.
 

 2. Minimum Contacts. The Magistrate found that defendants had minimum contacts with Iowa. A non-resident defendant’s contacts with the forum state may give rise to “general” or “limited” jurisdiction. In this case, defendants’ contacts are not so pervasive as to give rise to “general” jurisdiction. There nevertheless is a nexus between defendants’ contacts and the cause of action, so as to give rise to “limited” jurisdiction.
 
 Hunt v. Erie Ins. Group,
 
 728 F.2d 1244, 1246 (9th Cir.1984);
 
 Data Disc., Inc. v. Systems Tech. Assoc., Inc.,
 
 557 F.2d 1280, 1287 (9th Cir.1977).
 

 Defendants were involved in plaintiff’s Iowa bankruptcy, and had there been no bankruptcy action pending, defendants’ actions would not have been tortious. Defendants did business with the plaintiff, an Iowa resident, filed suit against him, thereby violating an order of a court sitting in Iowa. Therefore, it is foreseeable that such action would cause defendants to find themselves in a federal court in Iowa.
 
 Worldwide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980);
 
 Vishay v. Intertechnology, Inc. v. Delta Intern. Corp.,
 
 696 F.2d 1062, 1068-69 (4th Cir.1982). The Court therefore finds that traditional notions of fairness and justice are not offended by the exercise of jurisdiction over the defendants.
 

 B. Plaintiff’s Objections.
 

 Plaintiff objects to the Magistrate’s ultimate conclusion that 11 U.S.C. § 362 does not provide a separate private cause of action for violation of the automatic stay in bankruptcy. The Magistrate found that plaintiff’s exclusive right of action existed in the Bankruptcy Court.
 

 Plaintiff argues that as the Bankruptcy Court merely issued a punitive fine against the defendants for violation of the stay, plaintiff was not compensated for damages he sustained from the stay’s violation. Plaintiff contends that 11 U.S.C. § 362(h) clearly mandates that plaintiff recover actual damages in this situation. Section 362(h) provides as follows:
 

 An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages.
 

 However, subsection (h) was part of the 1984 Bankruptcy Reform Act, and was thus not in effect at the time the Bankruptcy Court ruled on the automatic stay. Therefore, the Court must determine whether former § 362 in effect during plaintiff’s bankruptcy provides a private cause of action.
 

 The Supreme Court has enunciated specific guidelines in determining whether a
 
 *495
 
 private cause of action may be implied from a statute which does not specifically provide one:
 

 In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose especial benefit the statute was enacted, ... that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy, or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for plaintiff? ... And, finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law; ....
 

 Cort v. Ash,
 
 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975).
 

 Plaintiff meets the first and fourth factors of the
 
 Cort
 
 test. Section 362’s automatic stay was intended to balance the competing interests of debtors and creditors. Debtors are given a “breathing spell” from creditor pressure, and the section seeks to prevent preferential treatment of certain creditors over others. H.Rep. No. 95-595, 95th Cong., 1st Sess. 174; 340 (1977); S.Rep. No. 95-989, 9th Cong., 1st Sess. 54 (1978),
 
 U.S.Code Cong. & Admin.News
 
 (1978), p. 5787. Also, as bankruptcy proceedings are governed by federal law, it is not an “area basically the concern of the states.”
 

 Plaintiff is unable to determine that his situation falls within Cort’s second and third factors. Nothing in the legislative history or the statute’s language indicates a congressional intent to create a private cause of action. The legislative history
 
 does
 
 reveal that Congress intended to provide the Bankruptcy Court with the power to enforce the automatic stay.
 
 In re Stacy,
 
 21 Br. 49, 52 (W.D.Va.1982). Also, nothing in the legislative history of the 1984 amendments indicates that Congress intended to create a private right of action outside of bankruptcy court. At least two other courts have determined that § 362 does not create such a right.
 
 In re Stacy, supra
 
 at 53;
 
 Matter of Thacker,
 
 24 Br. 835, 838 (1982). This Court is persuaded by the reasoning of these decisions, and is mindful of the Supreme Courtis warning that,
 

 [t]he judiciary may not, in the face of such comprehensive legislative schemes, fashion new remedies that might upset carefully considered legislative programs.
 

 Northwest Airlines v. Transport Workers,
 
 451 U.S. 77, 97, 101 S.Ct. 1571, 1584, 67 L.Ed.2d 750 (1981). Therefore, the Court finds that former § 362 does not provide a private cause of action outside the bankruptcy court for violations of the automatic stay.
 

 IT IS THEREFORE ORDERED that defendants’ objections to the Magistrate’s Report and Recommendation are hereby overruled.
 

 IT IS FURTHER ORDERED that the plaintiff’s objection to the Magistrate’s Report and Recommendation is hereby overruled.
 

 IT IS FURTHER ORDERED that the Court has found no substantial errors in the Magistrate’s Report and Recommendation and hereby adopts the Report and Recommendation of the Magistrate as its own. This case is therefore dismissed for failure to state a claim.
 

 [1]
 

 . The Magistrate noted that the 120th day fell bn a Saturday, so the final date to timely serve was extended from April 20 to April 22, 1985.