**In re HOLLIS AND COMPANY.**

**Charles Darwin DAVIDSON,**
**Trustee, Plaintiff,**

**v.**

**BANK OF NEW ENGLAND,**
**N.A., Defendant.**

**Bankruptcy No. LR 85–1100 S.**
**Adv. No. 87–523.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 25, 1988.

Garland Binns, Little Rock, Ark., for Bank of New England.

Charles Davidson, Little Rock, Ark., Trustee.

## AMENDED AND SUBSTITUTED ORDER AND MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Motion to Dismiss the Trustee's Complaint filed by the Bank of New England, N.A. (BNE). BNE contends that Trustee's Complaint should be dismissed pursuant to Rules 4, 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012(b), for failure to obtain service of Complaint upon the proper party within the 120 day time limit stated in Rule 4(j), Federal Rules of Civil Procedure and Bankruptcy Rule 7004(a).

BNE also contends that the Complaint should be dismissed because the fraud allegations contained in the Trustee's Complaint do not meet the specificity requirements of F.R.C.P. 9(b) and Bankruptcy Rule 7009.

The Court will first address the issue raised by Defendant of whether the case should be dismissed for failure to obtain service of the Complaint upon the proper party within the 120 day time limit as set out in F.R.C.P. 4(j) made applicable to adversary proceedings by Rule 7004(a) of the Rules of Bankruptcy Procedure.

F.R.C.P. 4(d)(3) and Bankruptcy Rule 7004(b)(3) state essentially identical procedures for obtaining proper service upon a domestic or foreign corporation or upon a partnership or other unincorporated association, requiring that the summons either be delivered personally or mailed to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process. F.R.C.P.

4(j) further provides that a complaint should be dismissed, without prejudice, unless the party required to make service shows "good cause" why such service was not made.

The legislative history of this rule provides only one example of what constitutes "good cause," i.e., "defendant's evasion of service." "Inadvertence or heedless non-service has consistently been held not to be "good cause" for failure to serve." *Philipp Bros., Inc. v. M/V Merkur Bay*, 110 F.R.D. 443, 445 (D.Del.1986). The court in *Ruley v. Nelson*, 106 F.R.D. 514 (D.Nev. 1985) stated that "Rule 4 is meant to be strictly construed [and that] plaintiff's attorney is charged with the responsibility of obtaining prompt service of summons and complaint ... if service is not effected within 120 days after the filing of the complaint, the plaintiff has the burden of establishing "good cause" for the delay." at 517. Because Rule 4 "provides no guidance as to what constitutes "good cause," courts must determine on the facts of each case whether good cause has been shown." *Woods v. Partenreederei M.S. Yankee Clipper*, 112 F.R.D. 115, 166 (D.Mass. 1986).

The court in *Baden v. Craig–Hallum, Inc.*, 115 F.R.D. 582, 587 (D.Minn.1987) found that good cause existed because plaintiff made attempts at service and "may have been justifiably confused" as to whom to serve as a result of defendant's attorneys appearance at a motion hearing. In another case, the court excused the plaintiff's failure to serve defendant in the required 120 days finding that the defendant's actions "understandably lulled plaintiff into believing that service had been accomplished. Accordingly, I excuse plaintiff's failure to serve [defendant] within 120 days of filing the complaint, and I authorize a new summons, which I direct plaintiff to serve on [defendant] forthwith." *Ditkof v. Owens–Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D.Mich.1987). "The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service

out of the hat like a rabbit ..." *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278, 281 (5th Cir.1987). The court in *Broadcast Music*, went on to hold that defendants "through the actions of their counsel, voluntarily appeared in [the] case and waived the defense of insufficiency or failure of process." at 281. Other courts have similarly held that authority of an attorney to act as an agent for service of process may "be implied from surrounding circumstances ..." *Olympus Corp. v. Dealer Sales & Service, Inc.,* 107 F.R.D. 300, 305 (E.D.N.Y.1985). Also, see, *United States v. Bosurgi,* 343 F.Supp. 815 (S.D.N. Y.1972).

▇ Meeting the burden of showing the existence of "good cause" is difficult. Mere inadvertence of plaintiff's counsel does not meet the test of "good cause." *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985). It has also been determined that "a showing that defendants have not been prejudiced by a delay in service does not appear to aid plaintiff to avoid a timeliness bar under Rule 4(j)." *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 661 (D.Md.1986). "Even receipt of actual notice does not remedy ... technically defective service ..." *In re Valeu,* 53 B.R. 549, 553 (Bkrptcy.D.N.D.1985).

This Court recognizes that any meaningful waiver must be knowingly made and that "[g]enerally, a motion to extend time to respond gives no hint that the answer will waive personal jurisdiction defects, and is probably best viewed as a holding maneuver while counsel consider how to proceed." *Benny v. Pipes,* 799 F.2d 489, 493 (9th Cir.1986).

▇ However, this Court believes it has discretion with regard to deciding whether to dismiss this action on the basis of improper service. "Both counsel have been diligent in citing cases supporting their positions ... Clearly, whatever I decide can be supported by case law. The trick is to do justice." *In re Furimsky,* 40 B.R. 350, 354 (Bkrptcy.D.Ariz.1984).

▇ The Court believes justice can best be done by denying the defendant's motion to dismiss for improper service. The Court finds that "good cause" existed for the failure to serve the proper party within the time limits set out in the rules. The Court finds, under all the circumstances surrounding the filing of this action and resulting Motions for extensions of time to file preliminary motions it was reasonable for Plaintiff to believe that service had been accomplished. The Court further finds that justice would not be served by granting the Motion to Dismiss after actions of the Defendant reasonably gave the Plaintiff the impression that service had been made. As noted earlier, "dismissal [is not] invariably required where service is ineffective. Under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case." *Haley, v. Simmons,* 529 F.2d 78, 79 (8th Cir.1976).

Therefore, the Court, finding that the Trustee's service was not proper service upon the bank, but that good cause existed for the failure to timely correct the improper service, denies the Defendant's Motion to Dismiss for insufficiency of process and directs that the service upon BNE be quashed. Should the Trustee fail to properly serve BNE within ten (10) days of the entry of this Order, however, the Defendant may renew its Motion to Dismiss.

The Court has also considered the Defendant's alternative Motion to Dismiss this action for failure to plead circumstances constituting fraud and fraudulent conveyance with particularity and also denies that Motion for the following reasons.

BNE contends that the Trustee's Complaint is "fatally deficient" because the fraud allegations contained therein are mere vague and conclusory statements which do not meet the pleading specificity requirements of F.R.C.P. 9(b) and Bankruptcy Rule 7009, and therefore the Complaint fails to state a claim upon which relief can be granted under F.R.C.P. 12(b)(6) and Bankruptcy Rule 7012(b).

The Trustee's original Complaint was filed August 7, 1987. Trustee also filed an Amended Complaint, November 24, 1987 before BNE filed its Motion to Dismiss.

BNE's Motion to Dismiss addresses those allegations raised in Trustee's Amended Complaint which contains the following allegations:

## GENERAL ALLEGATIONS

1. Charles Darwin Davidson is the duly appointed acting and qualified Bankruptcy Trustee in this Chapter 11 proceeding.
2. Defendant is a national banking association based in Boston, Massachusetts.
3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544 and 548. This is a core proceeding.

## COUNT ONE

1. Within one year before the filing of the debtor's petition herein, the debtor voluntarily transferred $35,782.71 to Defendant and received less than a reasonably equivalent value in exchange for such transfer. The transfer by the Defendant, upon the information and belief, was in payment of a debt of an affiliated company, Daria Enterprises, Inc. Upon information and belief, at the time of the transfer the debtor was insolvent, or became insolvent as a result of such transfer and the Trustee may avoid such transfer pursuant to 11 U.S.C. § 548.

## COUNT TWO

1. Plaintiff restates and realleges each of the forgoing paragraphs.
2. The transfer of $35,782.71 and a transfer from the debtor of $300,000.00 to Defendant are avoidable pursuant to 11 U.S.C. § 544(b) as transfers avoidable under applicable state law.
3. Upon information and belief, debtor transferred the total of $335,782.71 to Defendant without consideration deemed good at law. Upon information and belief, the payments to De-fendants were payments of debts of an affiliated company of the debtor, Daria Enterprises, Inc. As such, the conveyances were not for consideration deemed good at law and should therefore be void as against all creditors and purchasers pursuant to Ark. Stat.Ann 68–1304. As such, the transfers are avoidable pursuant to 11 U.S. C. § 544(b).

The test most often applied to determine whether a complaint warrants dismissal for failure to state a claim upon which relief could be granted originated in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

> [I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

■ All that is required by Federal Rule of Civil Procedure 8(a), made applicable to adversary proceedings in bankruptcy cases by Rule 7008, is "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, pleadings should be construed to do substantial justice. Federal Rule of Civil Procedure 8(f). Specificity sufficient to supply fair notice of the nature of the action will withstand a motion under Rule 12(b)(6). *Hanson v. Hunt Oil Co.*, 398 F.2d 578, 581 (9th Cir.1968). Accordingly, a complaint should not be dismissed merely because plaintiff's allegations do not support the particular legal theory he advances, for a court is under the duty to examine the complaint to determine if the allegations provide for relief on any possible theory. 5 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 1219 at pp. 120–121 (1969). Nor should a complaint be dismissed that does not state with precision all elements that give rise to a legal basis for recovery. *Sparks v. England*, 113 F.2d 579, 581–82 (8th Cir.1940). Finally, a complaint should not be dismissed merely because the court doubts that a plaintiff will prevail in the

action. *Thomason v. Hospital T.V. Rentals*, 272 F.2d 263, 266 (8th Cir.1959). That determination is properly made on the basis of proof and not merely on the pleadings.

The question, therefore, is whether in the light most favorable to the Plaintiff, the Complaint states any valid claim for relief. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Leimer v. State Mutual Life Assurance*, 108 F.2d 302, 305–306 (8th Cir. 1940). Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *TV Signal Co. of Aberdeen v. American Tel. & Tel. Co.*, 462 F.2d 1256, 1258 (8th Cir.1972).

■ As indicated earlier, F.R.C.P. 8, provides that allegations in a complaint should be made in short, plain and concise statement which will provide a party with notice of the claims asserted. *In re Hart*, 461 F.Supp. 328 (E.D.Ark.1970). F.R.C.P. 9 requires that any fraud allegation must be pled with particularity. *In re Kerr*, 58 B.R. 171 (Bkrptcy.E.D.Ark.1985). Reading Rule 9 in conjunction with Rule 8, Plaintiff's Complaint must provide a short and simple description of the factual basis to support an allegation of fraud. *In re Tanner's Transfer and Storage of Virginia*, 30 B.R. 22 (Bkrptcy.E.D.Va.1983).

■ The Court is also mindful of the more liberal approach to fraud pleading in bankruptcy cases especially in those instances where a trustee is bringing the action. *Schlick v. Penn Dixie Cement Corp.*, 507 F.2d 374, 379 (2nd Cir.1974). This liberality is justified because the Trustee as a third party outsider to the fraudulent transaction, must plead fraud on second hand knowledge for the benefit of the estate and all its creditors. *In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199, 203 (Bkrptcy.S.D.N.Y.1983). Thus, bankruptcy courts do not generally insist on the stringent standards required in a non-bankruptcy civil action. *Decker v. Massey Ferguson, Ltd.*, 681 F.2d 111 (2nd Cir.1982). See, also, *In re McGuff*, 3 B.R. 66 (Bkrptcy S.D.Ca.1980) and *In re Brown*, 444 F.2d 49, 50 (8th Cir.1971).

Applying the above rules to the facts in this case, dismissal would be warranted only if the Plaintiff has not alleged any facts sufficient to demonstrate that relief can be granted by the Court pursuant to 11 U.S.C. § 548 and/or 11 U.S.C. § 544.

■ Section 548 of the Bankruptcy Code requires that the fraudulent conveyance be made within one year of the bankruptcy filing, that the transaction be entered into without fair consideration to the debtor, and that the debtor became insolvent as a result of the transaction. The Trustee's assertions in his Complaint do state a claim and thus should not be dismissed pursuant to Rule 12(b)(6). The fraudulent conveyance by the debtor may represent a constructive fraud upon the debtor's innocent creditors because the debtor does not receive in exchange a consideration reasonably equivalent in value to the obligations incurred by the debtor. Such a transaction may unfairly deplete the debtor's estate. The Code empowers the Trustee to set aside such a fraudulent transfer and recover for the benefit of the creditors, the value of the property that has been removed. *Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 989 (2nd Cir.1981). The Complaint alleges that within the one year period prior to filing the bankruptcy petition the debtor transferred $35,782.71 to the Defendant, received less then a reasonably equivalent value in exchange for such transfer that the debtor was insolvent at the time or became insolvent as a result of the transfer.

Section 544(b) of the Bankruptcy Code permits the Trustee to exercise whatever rights of avoidance any creditor holding an unsecured allowable claim could have exercised on its own behalf under applicable state or federal law. 4 *Collier on Bankruptcy*, ¶ 544.01 (15th Ed.1982). In the Complaint filed by the Trustee, the Court finds that he states a set of facts outlining a transfer of funds by the debtor to certain of the defendants which, pursuant to § 544(b), may be avoidable as a fraudulent transfer under applicable state law. The

Trustee specifically cites the state law in Arkansas.

The Court, after reviewing all pleadings filed by the parties and after applying the myriad of rules and case authority cited above, finds that dismissal of the Complaint is not warranted.

Accordingly, it is hereby

ORDERED that the Defendant's Motion to Dismiss be and hereby is denied. It is further

ORDERED that the Defendant shall answer the Complaint within twenty (20) days from the date of service.

THIS AMENDED AND SUBSTITUTED ORDER AND MEMORANDUM OPINION SUPERCEDES THE JUDGMENT AND MEMORANDUM OPINION ENTERED APRIL 22, 1988.

IT IS SO ORDERED.