In re Gordon Glenn WILSON, Debtor.

Lura STINNETT, Adrian
Stinnett, Plaintiffs,

v.

Gordon Glenn WILSON, Defendant.

Bankruptcy No. 288–02105–A–7.
Adv. No. 288–0270.

United States Bankruptcy Court,
E.D. California.

Feb. 15, 1989.

---

Robert N. Campbell, Redding, Cal., for plaintiffs.

Robert S. Bardwil, Bardwil & Dahl, Sacramento, Cal., for defendant.

**1.** Federal Rule of Civil Procedure 4(j) applies in adversary proceedings. Bankr. Rule 7004(a).

**2.** Federal Rule of Civil Procedure 4(g) applies in bankruptcy adversary proceedings. Bankr. Rule 7004(a).

## MEMORANDUM DECISION ON MOTION TO DISMISS

CHRISTOPHER M. KLEIN,
Bankruptcy Judge.

This is a motion to dismiss for failure to make service of the summons and complaint within 120 days after the filing of the complaint.[1]

### FINDINGS OF FACT

1. The complaint in this adversary proceeding was filed July 5, 1988.

2. No effort to effect service of the summons and complaint was made within 120 days after the filing of the complaint.

3. The debtor was represented by an attorney in connection with filing the voluntary petition and at all times thereafter.

4. The debtor's attorney was not served until December 23, 1988, 171 days after the filing of the complaint.

5. No proof of service has ever been filed in accordance with Federal Rule of Civil Procedure 4(g) purporting to show service upon the debtor within 120 days of the filing of the complaint.[2]

### CONCLUSIONS OF LAW

Service of the summons and complaint was not accomplished until December 23, 1988, some 171 days after the filing of the complaint. The plaintiffs did not avail themselves of state law procedures for service as permitted by Federal Rule of Civil Procedure 4(c)(2)(C)(i) or by personal delivery pursuant to Federal Rule of Civil Procedure 4(d).[3] Instead, plaintiffs attempted service by first class mail pursuant to Bankruptcy Rule 7004(b), which, in the case of the debtor, requires that service be made by mailing copies of the summons and complaint to the debtor and to the attorney for the debtor. Bankr. Rule 7004(b)(9).

**3.** Federal Rules of Civil Procedure 4(c)(2)(C)(i) and 4(d) apply in bankruptcy adversary proceedings. Bankr. Rule 7004(a).

■ Since service was not accomplished within 120 days after the filing of the complaint, the question becomes whether plaintiffs can show "good cause" why service was not made within 120 days.[4]

■ The cause asserted is one of secretarial oversight compounded by secretarial turnover. Plaintiffs' counsel says that he directed his former secretary to serve the summons and complaint on the debtor and his bankruptcy counsel not later than July 14, 1988, but that she did not do so correctly. During August 1988, that secretary left counsel's employ and was replaced by another secretary in September 1988 who, through illness, was out of counsel's office during the months of October and November 1988 and was replaced in December 1988 by a third secretary. Counsel says that it was during a file review with the third secretary that the mistake in failing to serve counsel was discovered.

Upon discovering the defect in service, counsel immediately made a motion for the issuance of an alias summons, which was issued as of course by the clerk's office.[5] Upon receiving service, the defendant filed this motion to dismiss.

None of the excuses asserted by plaintiffs constitute good cause. It is settled in this circuit that misdeeds of employees are chargeable to counsel. *Hart v. United States*, 817 F.2d 78 (9th Cir.1987). Mistaken assumptions are not good cause. *Whale v. United States*, 792 F.2d 951 (9th Cir. 1986). Inadvertence of counsel is not good cause, *Wei v. Hawaii*, 763 F.2d 370 (9th Cir.1985), nor is ignorance of Rule 4(j). *Townsel v. County of Contra Costa*, 820 F.2d 319 (9th Cir.1987).

Closely analogous facts were presented in *Hart*. That plaintiff needed to serve both the United States Attorney and the Attorney General in Washington, D.C., pursuant to Federal Rule of Civil Procedure 4(d)(4). The United States Attorney was served, but the Attorney General was not.[6] The failure to serve one of the two requisite persons was fatal.

These plaintiffs needed to serve both the debtor and the counsel for debtor if the basis for service was to be Bankruptcy Rule 7004(b). It is conceded that one of the two requisite persons was not served. There is no apparent basis for a different result than in *Hart*.

■ Counsel argues correctly that dismissal without prejudice pursuant to Rule 4(j) would actually constitute a dismissal with prejudice because refiling would be time barred. That situation pertained in *Hart* as well. The short answer is that in the Ninth Circuit the meaning of "good cause" is unaffected by the intervention of a time bar that will preclude refiling, notwithstanding that the dismissal is nominally without prejudice. *Townsel*, 820 F.2d at 320; *Hart*, 817 F.2d at 81; *United States v. Kenner Gen. Contractors, Inc.*, 764 F.2d 707, 711 n. 5 (9th Cir.1985).

Counsel proffers the same mitigating excuse as in *Hart*—the secretary who was told to accomplish the mailing did not do so correctly:

> Secretarial negligence, if it exists, is chargeable to counsel. *See Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983) (en banc). Thus, these claims at best resolve to inadvertent error, which is not good cause. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985) (per curiam). That Hart's claim is now time-barred

---

**4.** The attorney for the plaintiffs has provided an affidavit reciting that his former secretary says that she mailed a copy of the summons and complaint to the debtor (but not to debtor's attorney) within 120 days after the filing of the complaint. The statement is hearsay, and, no hearsay exception having been demonstrated, it is not admissible. Fed.R.Evid. 801(c) and 802.

**5.** A summons expires if not served within ten days after it is issued. Bankruptcy Rule 7004(f) provides that "[i]f a summons is not timely delivered or mailed, another summons shall be issued and served."

**6.** I am assuming, purely for purposes of comparison, that a copy of the summons and complaint was directed to the debtor in a timely fashion. The debtor has by affidavit denied receiving a summons and complaint. I need make no finding on the point, however, because it would not change the outcome.

**304**

does not suffice to waive the requirement of service.

817 F.2d at 81.

Another factor mitigates against a finding of good cause. If counsel assumed that service had been made within ten days after the filing of the complaint, as he asserts, the failure to receive an answer or motion suspending the obligation to answer or a request for extension of time in which to answer should, as of August 13, 1988, have triggered a review of the file with a view toward potential default. This suggests that the inadvertence that has been urged actually borders on neglect.

This result may seem harsh when a litigant loses a cause of action because of the errors and omissions of counsel. One must bear in mind, however, that Rule 4(j), unlike most of the rules of procedure, is part of an act of Congress. Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97–462, § 2, 96 Stat. 2527 (1983). The Congress balanced the potential loss of a cause of action against the need to encourage diligent prosecution of lawsuits. *See Townsel,* 820 F.2d at 321; *Wei,* 763 F.2d at 372. In the face of mere inadvertence by counsel, it is not appropriate to exercise the court's discretion to deny the motion to dismiss.

Since no good cause has been shown for failure to accomplish service of process within 120 days from the filing of the complaint, this adversary proceeding will be dismissed without prejudice.

An appropriate order will issue.