In re Farris D. REEVES, Debtor.

SEARS, ROEBUCK & CO., Plaintiff,

v.

Farris D. REEVES, Defendant.

Adv. No. 90–90412–H7.

Bankruptcy No. 90–04258–H7.

United States Bankruptcy Court,
S.D. California.

May 23, 1991.

John D. Rittenhouse, Karp & Richardson, San Diego, Cal., for debtor/defendant.

David S. Brower, Leibowitz & Constantino, Santa Ana, Cal., for plaintiff.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

Presently before the court is the motion of Farris D. Reeves ("debtor") to dismiss the complaint to determine dischargeability of debt of Sears, Roebuck & Co. ("Sears") pursuant to Bankruptcy Rule 7004 which incorporates Federal Rule of Civil Procedure 4(a) and 4(j). At issue is whether Sears has good cause to be excused from properly serving the summons and complaint within 120 days. Also at issue is whether Sears has shown good cause to be granted an extension of time to refile a complaint to determine dischargeability.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTS

On August 27, 1990, Sears filed a complaint to determine the dischargeability of a debt against debtor. The summons was also issued on August 27, 1990. It is undisputed that the summons and complaint were not served until September 26, 1990. No alias summons has been issued.

When the debtor failed to respond, Sears filed a request to enter default which was entered by the Clerk of the Bankruptcy Court as to debtor and all defendants on November 5, 1990. Sears never attempted to obtain its Judgment after Default.

On February 18, 1991, debtor filed a motion to set aside the default and a motion to dismiss the adversary complaint.

The motion to set aside the default was granted since Sears had failed to effectively serve the summons and complaint within the ten day period required by Federal Rule of Civil Procedure ("F.R.C.P.") 4(j). Thus, the bankruptcy court lacked jurisdiction to enter the default. The motion to dismiss the complaint was taken under submission.

## DISCUSSION

*(a) Time Limit For Service.*

Bankruptcy Rule ("B.R.") 7004(a) was amended in 1987 to incorporate F.R. C.P. 4(j) into the rule. Rule 4(j) states:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ... upon motion.

B.R. 7004 also incorporates Rule 4(a) which makes it the plaintiff's or plaintiff's attorney's responsibility to promptly serve the summons and complaint.

The issue that must be decided is whether Sears had good cause to be excused from properly serving debtor within the 120 day period.

The legislative history of Rule 4(j) provides only one example of what constitutes

good cause, i.e. defendant's evasion of service. *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir.1985). Since Rule 4(j) provides no guidance as to what constitutes good cause, a court must determine on the facts of each case whether good cause has been shown. *Woods v. Partenreederei M.S. Yankee Clipper*, 112 F.R.D. 115, 116 (D.Mass.1986).

Sears, while admitting that it failed to serve the summons within the ten day period required by B.R. 7004,[1] argues that good cause exists since the debtor failed to take any action and thus chose to ignore the complaint. However, Sears offered no explanation as to why it didn't serve the summons within the 10 day period required by B.R. 7004(f), why it failed to obtain an alias summons, why it waited so long to file its default, and why it never sought to obtain a judgment on its default. If Sears had acted promptly the debtor would have been forced to move within the 120 day period to set aside the default. Sears instead chose to assume that the debtor and debtor's attorney had elected to ignore the action.

Sears argues that the debtor and debtor's attorney had notice of the complaint since the complaint was served at their proper addresses in a proper manner, albeit untimely. Sears seems to believe it would be unfair for the debtor to lie in wait for 120 days and spring a technical argument of insufficient service. Sears maintains that good cause would not require its counsel to review a summons after default to determine whether proper service has been effectuated. Yet Sears fails to cite any case law that supports its position.

Further, the cases cited in support of Sears' argument are decidedly different. *In re Hollis and Co.*, 86 B.R. 152 (Bankr.E. D.Ark.1988) stated that good cause exists for plaintiff's failure to serve defendants since the actions of defendants reasonably gave the plaintiff the impression that service had been made. In *Hollis*, the defendants had made appearances in the case and filed motions for extension of time, thus giving the impression that they had been properly served.

In the instant case, the debtor has done nothing to give Sears a reasonable belief that service was proper. In fact, the debtor simply took no action in the present case nor was he required to. The debtor's inaction should have alerted Sears to inquire as to whether proper service was effected or at least should have triggered a review of the file.

Inadvertence of counsel has consistently been held not to be good cause. *Wei*, at 372. If inadvertence of counsel was held to be good cause, it would swallow the rule and render it meaningless. *Wei*, at 372. It is also well settled in this circuit that mistaken assumptions are not good cause, *Whale v. United States*, 792 F.2d 951 (9th Cir.1986), nor is ignorance of Rule 4(j). *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319 (9th Cir.1987).

Rule 4(a) states that it is the plaintiff's responsibility for prompt service of the summons and complaint. Sears should have promptly served the complaint but it failed to do so. Service in bankruptcy cases is extremely simple. Bankruptcy Rule 7004(b)(9) provides for first class mail service of the debtor after the initiation of a case under the Bankruptcy Code. There is no requirement that the mail be certified or registered.

This is a case of simple attorney neglect which does not constitute good cause. This court therefore dismisses the case pursuant to B.R. 7004(a) and F.R.C.P. 4(j) for failure to serve the debtor within 120 days. Whether the dismissal is with or without prejudice is discussed below.

### (b) Time Bar of Bankruptcy Rule 4007(c).

The next question which must be addressed is whether the dismissal will preclude refiling since the complaint may be time barred by B.R. 4007. Pursuant to B.R. 4007 a complaint must be filed not

---

1. A summons expires if not served within ten days after it is issued. Bankruptcy Rule 7004 (f). If a summons is not timely delivered or mailed, another summons shall be issued and served.

later than 60 days following the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a). The original date for the creditor's meeting was June 27, 1990. If the complaint was to be refiled it would be well past the 60 day limit required by B.R. 4007.

The answer in the Ninth Circuit is that the meaning of good cause is unaffected by the intervention of a time bar that will preclude refiling, notwithstanding that the dismissal is nominally without prejudice. *In re Wilson,* 96 B.R. 301, 303 (Bankr.E.D. Cal.1989); *U.S. ex rel. DeLoss v. Kenner General,* 764 F.2d 707, 711 n. 5 (9th Cir. 1985) (the court held that after the Rule 4(j) 120 day period has expired, a trial judge may extend the time to serve a complaint only when a party has satisfied the good cause requirement.)

Although this result may seem harsh when a litigant loses a cause of action because of errors and omissions of counsel, Rule 4(j), unlike most of the rules of procedure, is part of an act of Congress. Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97–462, § 2, 96 Stat. 2527 (1983). As such, Congress recognized the possibility that dismissal after the expiration of a statute of limitations could bar a plaintiff from bringing an action. *Townsel v. Contra Costa County, Cal.,* 820 F.2d 319, 321 (9th Cir.1987).

■ Finally, Sears' argument that "refiling would be as effective as the original date of the complaint" due to a tolling of the statute of limitations must fail. Where only a filing of the complaint is necessary to toll the running of the statute of limitations, but proper service is not made until after the 120 day period, the action is subject to dismissal under Rule 4(j). 9 *Collier on Bankruptcy,* ¶ 7004.03 at p. 7004–22. (15th ed. 1989). Tolling of the statute of limitations is conditional upon the timely completion of service of process. *Linn & Lane Timber Co. v. United States,* 236 U.S. 574, 578, 35 S.Ct. 440, 441–42, 59 L.Ed. 725 (1915); 4 Wright & Miller, *Federal Procedure and Practice: Civil 2d,* § 1056 (1987). Failure to be diligent in serving process could nullify the tolling. Congress,

in enacting Rule 4(j) created a statutory presumption that completion of service within 120 days constitutes diligence. *In re Wilson,* 104 B.R. 303, 305 (Bankr.E.D. Cal.1989). Since there was no proper service in this case, there could be no tolling.

The effect of a dismissal without prejudice is to leave the plaintiff in the same position as if the action had never been filed. *U.S. ex rel DeLoss v. Kenner General,* 764 F.2d 707, 710–11 (9th Cir.1985). Here, leaving Sears in the same position as if it had not filed, leaves Sears time barred.

## CONCLUSION

Since Sears has failed to show good cause in failing to properly complete service within 120 days from the filing of the complaint pursuant to B.R. 7004 and F.R. C.P. 4(j), and since refiling will be time barred, this adversary procedure will be dismissed with prejudice.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the debtor is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.