**In re Richard William DuFOUR, Jr., Debtor.**

**DEDERICK & HIMLIE, P.A., Plaintiff,**

v.

**Richard William DuFOUR, Jr., Defendant.**

**Bankruptcy No. 4–92–4008.
Adv. No. 4–92–346.**

United States Bankruptcy Court, D. Minnesota.

May 4, 1993.

Christopher S. Hayhoe, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN, for plaintiff.

Mark L. Soule, Plymouth, MN, for defendant.

### MEMORANDUM ORDER DISMISSING ADVERSARY PROCEEDING

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 17th day of March, 1993, on the defendant's motion to dismiss this case based on the plaintiff's failure to timely serve the summons upon the defendant. Appearances were as follows: Christopher Hayhoe for the plaintiff, and Mark Soule for the defendant.

#### FACTUAL FINDINGS

At the March 17 hearing on this matter, I read my factual findings into the record based on the affidavits submitted by both counsel. Such findings are incorporated into this order, and accordingly I find:

(1) The complaint in this proceeding was filed on October 15, 1992;

(2) The summons in this proceeding was issued on October 15, 1992;

(3) The complaint was served by mail on October 16, 1992, upon the defendant, defendant's counsel, the trustee and the U.S. Trustee;

(4) The unsworn certificate of service, signed by Denise Jahnke, an employee of plaintiff's counsel, states that the summons

was properly served along with the complaint;

(5) However, no summons was in fact served on the defendant, defendant's counsel, the trustee, or the U.S. Trustee, as evidenced by the affidavit of defendant, dated February 24, 1993, the affidavit of defendant's counsel, dated February 24, 1993, the affidavit of trustee, James Ramette, dated March 3, 1993, and the supplemental affidavit of defendant's counsel, dated March 8, 1993;

(6) The affidavit of Shirley Bock, also an employee of plaintiff's counsel states that the summons and complaint were given to Jahnke for service and that the affiant "believed" that service of the summons had been made by Jahnke, but such evidence does not outweigh the several affidavits stating that the summons was never received;

(7) The failure to serve the summons was the result of an oversight or mistake made by an employee of plaintiff's counsel;

(8) In the defendant's answer, the defendant pled as an affirmative defense that the plaintiff failed to serve a summons along with the complaint;

(9) At a December 15, 1992 scheduling conference, defendant's counsel informed plaintiff's counsel that no summons had been received by the defendant or defendant's counsel;

(10) Plaintiff's counsel did not seek the issuance of an alias summons after being so informed, relying on the representations of his employees that the summons had been served;

(11) The failure to serve an alias summons was due to plaintiff's counsel's mistaken assumption that his employee's recollections and service records were accurate and that the records of defendant's counsel were in error;

(12) An alias summons was issued by the clerk of this court on March 10, 1993, after the present motion to dismiss was filed, and more than 120 days from the date the complaint was filed; and

(13) The defendant has not been prejudiced by the plaintiff's failure to serve the summons.

## CONCLUSIONS OF LAW

Bankruptcy Rule 7004(a) provides the time and manner for service in adversary proceedings, and incorporates the majority of Federal Rule of Civil Procedure 4, including subsections (a) and (j). Rule 4(a) assigns to the plaintiff the responsibility of serving the summons and complaint. Bankruptcy Rule 7004(f) provides that service by mail must be made within 10 days of the date the summons was issued, and that if the summons is not timely served, an alias summons shall be issued. Rule 4(j) provides that if a summons and complaint are not served within 120 days of the date the complaint was filed, and the plaintiff cannot show "good cause" why timely service was not made, the adversary proceeding shall be dismissed.

■ The only legal issue for resolution in this matter is whether the mistake or inadvertence of plaintiff's counsel and his office staff constitutes "good cause" for failing to timely serve the summons upon the defendant. The plaintiff bears the burden of establishing the existence of good cause for failure to make timely service. *Davidson v. Bank of New England (In re Hollis & Co.)*, 86 B.R. 152, 153 (Bankr. E.D.Ark.1988). I conclude that the plaintiff has failed to establish good cause.

■ Unlike the majority of the Federal Rules of Civil Procedure, Rule 4(j) is part of an act of Congress. *Stinnett v. Wilson (In re Wilson)*, 96 B.R. 301, 304 (Bankr. E.D.Cal.1989). Rule 4 was amended when the burden of serving the summons and complaint was shifted from the U.S. Marshal to the plaintiff. *Braxton v. United States*, 817 F.2d 238, 240 (3d Cir.1987). Congress intended Rule 4(j) to force parties to be diligent in prosecuting lawsuits. *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985); *Wilson*, 96 B.R. at 304. Concerned that placing the burden of service upon the plaintiff would lead to abuses, the courts have taken a very restrictive view towards Rule 4(j), insisting on literal adherence to

the language of the rule. *Braxton,* 817 F.2d at 240–41. As one commentator has observed, "the lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions,* 96 F.R.D. 88, 103 (1983).

■ Thus, the plaintiff's burden of establishing good cause for failing to effect timely service is a difficult one to meet. *Hollis,* 86 B.R. at 154. Inadvertence of counsel does not constitute good cause. *Braxton,* 817 F.2d at 242; *Wei,* 763 F.2d at 372; *Sears, Roebuck & Co. v. Reeves (In re Reeves),* 127 B.R. 866, 868 (Bankr.S.D.Cal. 1991); *Wilson,* 96 B.R. at 303; *Hollis,* 86 B.R. at 154; *see also Dashner v. Cate,* 65 B.R. 492, 494 (N.D.Iowa 1986) (recognizing that inadvertence by counsel is insufficient, but finding that the new counsel in the case before it acted diligently, and that the defendant would not be prejudiced). Nor does inadvertence of counsel's employees constitute good cause, since such acts are chargeable to counsel. *Wilson,* 96 B.R. at 303. Counsel's reliance upon statements made by the individual entrusted to effect service are similarly insufficient to establish good cause. *Braxton,* 817 F.2d at 242. Mistaken assumptions of counsel are also insufficient to meet the plaintiff's burden. *Whale v. United States,* 792 F.2d 951, 953 (9th Cir.1986); *Reeves,* 127 B.R. at 868; *Wilson,* 96 B.R. at 303. Furthermore, lack of prejudice to the defendant does not negate a failure to show good cause. *Hollis,* 86 B.R. at 154 (citing *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 661 (D.Md. 1986)).

■ In the present case, service of the summons was not made initially because an employee of plaintiff's counsel failed to enclose a copy of the summons when the complaint was served. Such inadvertence does not constitute good cause and is chargeable to plaintiff's counsel. Plaintiff's counsel then received notice that the defendant had not been served, both from the affirmative defense pled in the answer, and from discussions with defendant's counsel at the December 15 scheduling conference. Plaintiff's counsel had more than adequate time to obtain and serve an alias summons when such notice was received. Rather than obtain such a summons, plaintiff's counsel chose to rely upon the statements of his employees that service had been made, and assumed that his employees records were more accurate than those of defendant's counsel. Thus, the initial mistake by plaintiff's counsel's employee was compounded by counsel's later reliance and assumptions. However, like the initial mistake, counsel's later reliance and assumptions do not constitute good cause for failing to timely serve the summons.

■ Courts finding the existence of good cause under Rule 4(j) rely on circumstances that show that the defendant wilfully attempted to avoid service, that the defendant led the plaintiff to believe that proper service had been made, or that the defendant led the plaintiff to believe that the defendant intended to waive service. *See Hollis,* 86 B.R. at 154 (defendant gave impression that service had been made) (citing numerous authorities); *Cf. Wei,* 763 F.2d at 371 (observing that the legislative history of Rule 4(j) expressly provides evasion of service as an example of good cause). Nothing in the present case, however, suggests that the defendant attempted to avoid service or did anything to lead plaintiff's counsel to believe that the defendant had been served or intended to waive service. On the contrary, defendant pled the failure of service as an affirmative defense, and defendant's counsel again informed plaintiff's counsel of the failure of service at the scheduling conference. Given these findings, the mere fact that defendant appeared in this adversary proceeding, and participated in discovery is not sufficient to conclude that the defendant somehow lulled the plaintiff into believing that service was being waived.

■ The fact that the defendant was not prejudiced by the delay does not require a different conclusion. Even if the defendant has notice of the case, proper service must still be made. *Hollis,* 86 B.R. at 154

(quoting *In re Valeu,* 53 B.R. 549, 553 (Bankr.D.N.D.1986)). It may seem harsh for the plaintiff to lose its cause of action based on a technical error by counsel. However, one must keep in mind that there are other remedies specifically designed for such errors, and that the standards embodied in Rule 4(j) were prescribed by Congress after balancing the potential loss of the cause of action against the need for diligent prosecution of lawsuits. *Wilson,* 96 B.R. at 304. If I were to hold that the conduct of plaintiff's counsel constitutes good cause, Rule 4(j) would be rendered ineffective because it would not act as an incentive for counsel to act diligently in assuring that the summons is properly served upon the defendant. The good cause exception would essentially swallow the rule and render it meaningless. *Reeves* at 868.

■ Furthermore, failure to serve the summons is more than a mere technical error. The summons is the means by which the court asserts its jurisdiction over the defendant. 2 *Moore's Federal Practice* ¶ 4.03 (2d ed. 1993); Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1803. It is through the summons that the court informs the defendant of the obligation to appear and the consequences of failing to appear and defend. Fed. R.Bankr.P. 7004(a); Fed.R.Civ.P. 4(b). Service of the complaint alone, without an accompanying summons, does little more than state the nature of the claims against the defendant.

The United States Supreme Court's recent holding in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), is not at odds with my holding today. In *Pioneer,* the Supreme Court held that the concept of "excusable neglect," applied under Bankruptcy Rule 9006 in determining whether an extension of certain time periods should be granted, can include attorney inadvertence or negligence provided certain mitigating circumstances exist. The Court relied on the plain meaning of the term "neglect," the equitable policies underlying the Bankruptcy Rules and the chapter 11 process, and the meaning assigned to the term excusable neglect as used in Federal Rule of Civil Procedure 6(b), 13(f), 60(b)(1) and 60(b)(6).

I find nothing in the *Pioneer* opinion suggesting that the flexible view of "excusable neglect" applied to Bankruptcy Rule 9006(b) should also apply to "good cause" under Rule 4(j). The term good cause makes no reference to negligence or inadvertence. Furthermore, Rule 4(j) is concerned with compelling plaintiffs' lawyers to act diligently, not with the equitable policies that underlie the chapter 11 process and the Bankruptcy Rules. Finally, since the term excusable neglect is used in Rules 6(b), 13(f), 60(b)(1) and 60(b)(6), such term certainly would have been used in Rule 4(j) had the drafters intended the same standard to apply.

Several courts have defined the term "good cause" as used in Rule 4(j) by looking to the term "excusable neglect" used in Rule 6(b). *Boudette v. Barnette,* 923 F.2d 754, 755–56 (9th Cir.1991); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985); *Longmeadow Motor Co., Inc. v. Heinz (In re Heinz),* 131 B.R. 38, 42 (Bankr.D.Md.1991). However, I find nothing in those decisions suggesting that the flexible view of "excusable neglect" applied to Bankruptcy Rule 9006(b) by the Supreme Court should also apply to "good cause" under Rule 4(j). Those cases hold that good cause requires *"at least"* as strict a showing as excusable neglect. In so phrasing their opinions, the courts clearly contemplate that good cause may require a stricter showing than excusable neglect.

■ Rule 4(j) requires me to dismiss this matter without prejudice since I have found that no good cause exists for the plaintiff's failure to timely serve the summons. The defendant has argued that such a dismissal will result in a de facto dismissal with prejudice, since the deadline for filing adversary complaints of this type has expired, and the deadline was not tolled by the current filing. However, such argument does not prevent a Rule 4(j) dismissal.

*Winters,* 776 F.2d at 1307; *Wei,* 763 F.2d at 372.

### CONCLUSION

The plaintiff has failed to meet its burden of showing good cause for its failure to serve the summons within the 120–day period prescribed by Federal Rule of Civil Procedure 4(j).

ACCORDINGLY, IT IS HEREBY ORDERED: This case is dismissed without prejudice pursuant to Bankruptcy Rule 7004(a) and Federal Rule of Civil Procedure 4(j).